HENDERSON v MEMPHIS COMMUNITY SCHOOL DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—DISMISSAL—STATUTES
    —TEACHERS' TENURE COMMISSION—RULES—ADMINISTRATIVE
    PROCEDURES ACT—FILING OF ANSWERS.

   The teachers' tenure commission rule which requires the appellee
   in a commission hearing to answer the appellant's petition does
   not conflict with a section of the Administrative Procedures Act
   which allows for permissive filing of answers, since the Admin-
   istrative Procedures Act is applicable only when a particular
   agency has failed to provide in its rules and regulations for any
   type of response or answer to a complaint filed with it; there-
   fore, the commission rule, effective before July 1, 1970, was not
   superseded by the provision of the Administrative Procedures
   Act (MCLA 24.231[1], 24.272[2]).

2. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS' TENURE
    COMMISSION—RULES AND REGULATIONS.

   The teachers' tenure commission is vested with the power to
   enforce the provisions of the teachers' tenure act and is autho-
   rized to draw up rules and regulations to assist it in such
   enforcement (MCLA 38.137, 38.140).

3. STATUTES—CONSTRUCTION OF STATUTES—CONSTRUCTION BY STATE
    AGENCY.

   Great weight is accorded the construction given a statute by the
   involved agency.

4. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS' TENURE
    COMMISSION—TENURE TEACHERS—DISCHARGE OF TEACHERS—
    HEARINGS.

   The teachers' tenure commission has a statutory duty to review
   discharges of teachers with tenure, and a teacher with tenure
   may appeal any decision of the controlling school board within
   30 days; the tenure commission shall conduct a hearing similar

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 68 Am Jur 2d, Schools § 208 *et seq.*
   Teachers' tenure statutes. 127 ALR 1298.
[3] 73 Am Jur 2d, Statutes §§ 338–341.

to that conducted by the controlling board (MCLA 38.121, 38.139).

5. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PETITION FOR REIN-
STATEMENT—TEACHERS' TENURE COMMISSION—FUNDAMENTAL
FAIRNESS—DETERMINATION OF CONTESTED CASES.

A teacher's petition for reinstatement and back pay should have been decided by the teachers' tenure commission on the merits of the case, and not on the narrow ground of the late filing of an answer by the school district, where fundamental fairness requires that the non-answering party be apprised of the consequences of the failure to answer, and where determination of a contested case is required by law to be made by an agency after an opportunity for an evidentiary hearing (MCLA 24.203[3]).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 October 8, 1974, at Detroit. (Docket No. 18463.) Decided January 27, 1975. Leave to appeal denied, 394 Mich —.

Petition by Marion Henderson for review of the action of the Memphis Community School District in terminating her services as a teacher. Reinstatement with back pay ordered by the State Tenure Commission. Defendant appealed to circuit court. Reversed and remanded. Plaintiff appeals. Affirmed.

*Levin, Levin, Garvett & Dill* (by *Daniel J. Hoekenga),* for plaintiff.

*Thomas & Delaney* (by *William R. Coppel),* for defendant.

Before: DANHOF, P. J., BRONSON and O'HARA,* JJ.

O'HARA, J. This case concerns a proceeding under the "Rules of Practice and Procedure" of the

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

State Tenure Commission[1] and the effect thereupon, if any, of the Administrative Procedures Act of 1969.[2]

Plaintiff-appellant is a tenure teacher. Appellee is the school district by which she was employed since September, 1969. On or about March 30, 1971, she was advised that her employment would be terminated as of the end of the 1970–71 school year. On June 25, 1971, defendant-appellee agreed to a hearing as required by the tenure act.[3] Subsequent thereto plaintiff-appellant was advised by letter from the secretary of the board of education that she would be dismissed. She filed a petition for review before the tenure commission.

In support of its action of dismissing plaintiff-appellant the superintendent of schools of the district filed a litany of charges the number and gravity of which moved the commission to observe:

"The Commission notes that had there been no procedural failing in this case it could have sustained the charges and findings made by the appellee board of education."

However, the commission never reached the question on the merits. Rather it held:

"The Commission Rule 38.109 which was in effect at the time of the first petition and the hearing on this matter states that the

" '* * * appellee shall have 15 days within which to file an answer thereto. The answer shall contain specific admission or denial of each material allegation of fact or facts upon which appellee relies for defense, and

---

[1] The teachers' tenure act may be found in MCLA 38.71 *et seq;* MSA 15.1971 *et seq.*

[2] The Administrative Procedures Act may be found in MCLA 24.201 *et seq;* MSA 3.560(101) *et seq.*

[3] The provisions relative to hearings may be found beginning at Article IV of the teachers' tenure act.

shall contain any affirmative allegations to be relied upon by appellee. Each paragraph contained in the answer shall be numbered to correspond with the paragraphs of the petition. An original and 5 copies shall be filed with the commission and a copy shall be served by ordinary mail upon appellant or his attorney.'[4]

"The purpose of the Commission Rule is obvious. Answers must be filed in writing so that a party will have sufficient time and notice to prepare his case before the hearing in front of this Commission. Justice is not served when a litigant is surprised by new material which is presented for the first time at the time of the hearing and which should have been supplied prior to the hearing so that an adequate response could have been prepared.

\* \* \*

"Procedural safeguards, however, must be observed in order to prevent arbitrary and capricious action.

"The appellant shall be reinstated and compensated for all salary lost because of the board's failure to follow the rules of the Tenure Commission."

The school district appealed to the circuit court. That court reversed and remanded the case to the commission. We quote from its ruling:

" \* \* \* The Michigan Teacher Tenure Commission's rule 38.109 has been amended by the Administrative Procedures Act of 1969 as amended, MCLA 24.272(2); MSA 3.560(172)(2), which provides 'A party who has been served with notice of hearing may file a written answer before the date set for hearing.' This provision is controlling. The decision of the Commission is therefore set aside since it is based solely upon the Commission's rule which the court holds to be not applicable. The Commission did allow the appellant to file an answer and did take testimony. This in the court's

---

[4] We note the discrepancy between the wording of Commission Rule 38.109 as set forth in the quoted excerpt from the commission's opinion and as found in both the parties' briefs and subsequently in this opinion. The difference is not decisionally relevant to the instant appeal.

opinion waves *[sic]* the requirements of the rule in any event. The Administrative Procedures Act provides that the parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and arguments on issues of fact. This underlining philosophy should not be lightly discarded on some technicality. The court therefore reverses the decision of the Michigan Teacher Tenure Commission and remands the matter back to the Commission for the entry of an appropriate order to be based upon the testimony heard. If the Commission desires further evidence it may so request it"

We agree with the trial judge's conclusion. However, we are not in total accord with his reasons for reaching it—persuasive though they be.

The legislation creating the tenure commission was passed before the Administrative Procedures Act, and that legislation contained the mandate that the commission:

" * * * shall draw up rules and regulations and shall have the power to amend same and to provide for the conduct of its affairs in such manner as shall be consistent with the provisions of this act." MCLA 38.140; MSA 15.2040.

Thereafter, in 1954, the commission promulgated the concerned rule, 38.109, which states in pertinent part:

"After service of copy of notice of appeal by petition, appellee shall have 15 days within which to file an answer thereto. The answer shall contain specific admission or denial of each material allegation of fact contained in the petition, and a statement of fact or facts upon which appellee relies for defense, and shall contain any affirmative allegations to be relied upon by appellee."

Defendant school district avers that the Admin-

istrative Procedures Act rescinded such mandatory requirement. Such contention is based upon MCLA 24.272(2); MSA 3.560(172)(2) which provides:

"A party who has been served with a notice of hearing *may file a written answer* before the date set for hearing." (Emphasis supplied.)

Defendant further relies on MCLA 24.231(5); MSA 3.560(131)(5) which states:

"A rule may be amended or rescinded by another rule which constitutes the whole or a part of a filing of rules or *as a result of an act of the legislature.*" (Emphasis supplied.)

Also,

"An agency *may* promulgate rules, not inconsistent with this act or other applicable statutes, prescribing procedures for contested cases." MCLA 24.233(3); MSA 3.560(133)(3). (Emphasis supplied.)

Defendant's argument is that the Administrative Procedures Act provision which allows for permissive filing of answers rescinds or amends the commission's mandatory requirement. That such contention, and consequently the ruling of the trial court to the extent it relied on this ground, is erroneous is evident when one considers MCLA 24.231(1); MSA 3.560(131)(1):

"Rules which became effective *before* July 1, 1970 *continue in effect until amended or rescinded.*" (Emphasis supplied.)

The two statutory provisions which defendant principally relies upon, MCLA 24.231(5) and MCLA 24.233(3), speak prospectively. We read them as requiring administrative agencies *not* to hereinafter promulgate inconsistent or contradic-

tory rules. As to the provision which provides for amendment or rescission "as a result of an act of the Legislature", MCLA 24.231(5); MSA 3.560(131)(5), we interpret it as an exercise of the legislative authority to modify or abrogate administrative rules if it so desires. The Legislature would have to act *specifically* to alter or rescind an administrative rule, especially one in existence at the time of the promulgation of the Administrative Procedures Act. This has not been done with respect to the commission rule now in question. In any event, MCLA 24.231(1); MSA 3.560(131)(1), contains no exceptions and only states that administrative rules in effect before July 1, 1970, shall "continue in effect until amended or rescinded".

Now it is necessary to consider briefly whether or not there is in fact a conflict between the provisions of the Administrative Procedures Act and commission rule 38.109.

Rule 38.109 provides that the appellee has 15 days within which to file an answer to the notice of appeal by petition. The involved section of the Administrative Procedures Act, MCLA 24.272(2); MSA 3.560(172)(2), *supra,* evidences a legislative intent to be applicable where the particular agency fails to provide, in its rules and regulations, for any type of response or answer to a complaint filed with the agency. All the Administrative Procedures Act did was to bring about a much needed reform in board and commission proceedings which did not provide for the person charged, cited, or otherwise accused of a violation the unquestioned right to file an answer. In other words, if an agency does not require that one answer, that party is not forclosed from answering given the provision in the Administrative Procedures Act.

Inasmuch as the tenure commission has chosen to promulgate a rule relating to the answering of petitions, as indeed it was authorized to do, MCLA 38.140; MSA 15.2040, the defendant school district was obliged to follow such rule. The tenure commission is vested with such powers as are necessary to carry out and enforce the provisions of the act. MCLA 38.137; MSA 15.2037. If the commission felt that a formal response was required for it to properly perform its responsibilities, we are not normally disposed to lightly set aside an agency finding in view of the great weight which courts accord to the construction given a statute by the involved agency. *Magreta v Ambassador Steel Co,* 380 Mich 513; 158 NW2d 473 (1968).

There is little question in our minds that the tenure commission may regularly establish rules and regulations appropriate in the field of internal administration. The commission has a statutory duty to review discharges of tenure teachers and can establish rules necessary in furtherance of this duty. MCLA 38.121; MSA 15.2021 provides that a tenure teacher may appeal any decision of the controlling board within 30 days of the date of such decision. It further states that the tenure commission shall provide for a hearing. If an appeal to it is timely noted, the commission is obliged to conduct a hearing similar to that conducted by the controlling board. The Administrative Procedures Act, insofar as it is applicable, defines the term "contested case", which the instant proceeding certainly is, as being a "proceeding * * * in which a determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency * * * *after an opportunity for an evidentiary hearing."* MCLA 24.203(3); MSA 3.560(103)(3) (Emphasis sup-

plied.) Thus, while not questioning the power of the commission to require an answer to petitions filed with it, we do question its refusal to decide the instant case on the merits.

Even conceding that commission rule 38.109 is mandatory the query immediately arises, "so what?" The rule provides no penalty for failure to file. It gives no broader or more summary powers to the commission in the event of such failure.

We decline to give it such an extreme interpretation as was accorded to it by the commission. Though the commission held that the reason for the rule is "obvious", fundamental fairness would seem to require that the non-answering party be apprised of the consequences of the failure to file an answer.[5]

As noted earlier we agree with the trial judge that the question of the teacher's right to reinstatement and back pay should be decided on the merits of the case, not on the narrow ground of the late filing of an answer by the school district. The order of remand of the trial court is sufficiently broad to empower the commission to decide the merits on the record made or to take additional testimony if it deems that necessary.

For the reasons herein specified, the order of the trial judge is affirmed without prejudice to the right of the appellant to another hearing before the commission if she so desires. Because of the delay involved in the appellate process we direct that if a new evidentiary hearing is requested the commission schedule it for hearing with all possible expedition.

All concurred.

_____

[5] Compare Rule 38.109 with MCLA 24.272(1); MSA 3.560(172)(1), of the Administrative Procedures Act which in no uncertain terms informs a party that failure to appear after proper service of notice means that the agency may proceed with the hearing and decide the case in the absence of the non-appearing party.