WEBSTER v SECRETARY OF STATE

Docket No. 82750. Submitted June 19, 1985, at Detroit.—Decided October 15, 1985.

Peter Webster was arrested on April 19, 1984, after failing to stop for a red light. The officer who stopped Webster arrested him in the belief that he was driving under the influence of alcohol. Webster refused to submit to a Breathalyzer test, and subsequently received notice that the Michigan Department of State had received a written report that he had refused to submit to the test. Webster then requested a hearing before the Driver License Appeal Division. The request was received by the appeal division on May 15, 1984, and a hearing was scheduled for July 26, 1984. At that hearing, Webster moved that the report of refusal to submit to the test be quashed and the hearing be dismissed on the ground that the Administrative Procedures Act and the Michigan Vehicle Code required the hearing to take place within 30 days of the receipt of the request for the hearing. The motion was denied and the hearing resulted in the suspension of Webster's driver's license for a period of one year. Webster filed a petition for restoration of driving privileges in Oakland Circuit Court alleging that the suspension was improper because the hearing was not held in a timely fashion. The court, George H. LaPlata, J., refused to restore Webster's driving privileges on the ground that the Michigan Vehicle Code no longer requires that a hearing be held within 30 days of the request for an implied consent hearing. Webster appealed. *Held:*

The Administrative Code Rule which required that an implied consent hearing be held within 30 days from the date the request for such hearing was received has been amended by action of the Legislature to enable the Department of State to

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 123, 133, 138-144.

Am Jur 2d, Courts § 214.

Am Jur 2d, Statutes § 193.

Duty of law enforcement officer to offer suspect chemical sobriety test under implied consent law. 95 ALR3d 710.

See also the annotations in the ALR3d/4th Quick Index under Administrative Law; Automobiles and Highway Traffic.

schedule hearings in a more efficient manner. Implied consent hearings are now timely if held within a reasonable time. Webster's hearing was timely.

Affirmed.

1. AUTOMOBILES — IMPLIED CONSENT — TIMELY HEARINGS.

The requirement that an implied consent hearing be held within 30 days of receipt of the request for such hearing has been removed by action of the Legislature; an implied consent hearing is timely now if held within a reasonable time after receipt of the request (MCL 257.625f; MSA 9.2325[6]; 1979 AC, R 257.33).

2. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT — BILL ANALYSES.

The Court of Appeals in construing a statute or rule may look to extrinsic factors, including bill analyses, to determine legislative intent.

3. STATUTES — ADMINISTRATIVE RULES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE INTERPRETATION.

The Court of Appeals in construing a statute or administrative rule should accord great deference to the interpretation of the statute or rule given by the state agency charged with its execution.

*Talpos, Arnold & Rooyakker, P.C.* (by *John C. Talpos),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Mary Louise Albrecht,* Assistant Attorney General, for respondent.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

PER CURIAM. Petitioner's driver's license was suspended by the Secretary of State for one year after he refused to submit to a Breathalyzer test pursuant to the implied consent provision of the Michigan Vehicle Code, MCL 257.1 *et seq.;* MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

9.1801 *et seq.* Petitioner appeals as of right from the circuit court's denial of his petition for restoration of driving privileges. Petitioner contends that the circuit court should have restored his driving privileges because the hearing which resulted in the suspension of his driver's license was not held in a timely fashion. Petitioner had requested an implied consent hearing after he received a "Notice of Receipt of Written Report of Refusal to Submit to Chemical Test for Alcohol * * *." The Driver License Appeal Division received petitioner's request on May 15, 1984, and a hearing was held on July 26, 1984, 72 days later.

Petitioner does not argue the reasonableness of the time period in which the hearing was held, but rather argues that he was entitled under Administrative Code Rule 257.33, 1979 AC, R 257.33, to have the hearing within 30 days. We must decide whether Rule 257.33 should be read to incorporate the statute, MCL 257.625f; MSA 9.2325(6), as it read when the rule was promulgated or as it read at the time of the hearing, pursuant to the 1980 amendment. If the rule should incorporate the statute as it existed in 1976, petitioner was entitled to a hearing within 30 days from the date his request for hearing was received, and he should prevail on this appeal. If, on the other hand, the rule should incorporate the statute as amended by 1980 PA 515, petitioner was entitled only to a hearing "within a reasonable time" after his request for hearing was made, and petitioner should not prevail. We believe the rule should be construed so as to incorporate the statute as it read at the time of the hearing, *i.e.,* to require a hearing within a reasonable time.

MCL 257.625f(1)-(4); MSA 9.2325(6)(1)-(4) authorizes the secretary to suspend the driver's license of any person arrested for operating a motor vehi-

cle under the influence of liquor or while impaired who refuses to take a chemical test on request. However, before the secretary may act on such a refusal, a driver is afforded the right to request a hearing before the Driver License Appeal Division.

Administrative Code Rule 257.33, 1979 AC, R 257.33, which became effective in November of 1976, provides:

"(1) After a timely and proper request for hearing, the administrator shall schedule a hearing to be held *within a reasonable time, except as provided by section 625f of the act.*" (Emphasis added.)

At the time this rule was promulgated, § 625f of the code, MCL 257.625f; MSA 9.2325(6), provided, in part:

"(2) If a hearing is requested, the department shall hold such hearing *within 30 days of receipt of such request* in the same manner and under the same conditions as provided in section 322." (Emphasis added.)

Section 625f was amended in 1980, by 1980 PA 515. Subsection 2 of the amended section deleted the requirement that the hearing be held within 30 days of receipt of the request for a hearing:

"(2) If a hearing is requested, the secretary of state shall hold the hearing in the same manner and under the same conditions as provided in section 322. * * *."

We find § 31 of the Administrative Procedures Act, MCL 24.231; MSA 3.560(131), controlling. Subsection 5 of that section provides:

"(5) A rule may be amended or rescinded by another rule which constitutes the whole or a part of a filing of rules or as a result of an act of the legislature."

In *Henderson v Memphis Community School Dist*, 57 Mich App 770, 776; 226 NW2d 725 (1975), this Court noted with respect to this section:

"[W]e interpret [MCL 24.231(5); MSA 3.560(131)(5)] as an exercise of the legislative authority to modify or abrogate administrative rules if it so desires. The Legislature would have to act *specifically* to alter or rescind an administrative rule * * *." (Emphasis in *Henderson.*)

We believe that in the instant situation the Legislature specifically altered Rule 257.33 by amending § 625f to delete the requirement that the hearing be scheduled within a specific period of time.

The secretary points out that this Court, in construing a statute or rule, may look to extrinsic factors, including bill analyses, to determine legislative intent. *Bennetts v State Employees Retirement Board*, 95 Mich App 616; 291 NW2d 147 (1980). The secretary contends that the intent of the Legislature can be gleaned from the analysis of House Bill 5040, which later became § 625f of 1980 PA 515. The bill analysis states, in pertinent part:

"Presently, a hearing requested by a person arrested for driving under the influence of liquor who refused to submit to a chemical test must be held within 30 days after the request is made. However, around 25-30 percent of these hearings are rescheduled at a later date at the request of the person's attorney or because the person wishes to delay the hearing until he or she is tried for driving under the influence of liquor. Furthermore, in some rural areas of the state, hearing officers currently spend a considerable number of hours going from place to place to hold one or two hearings at a time. By removing the requirement that such hearings be held within 30 days, House Bill 5040 would enable

the Department of State to schedule hearings in a more efficient manner."

It appears to this Court that the Legislature recognized that the secretary needed more than 30 days to schedule and conduct implied consent hearings and that the Legislature therefore amended § 625f to enable the department to schedule hearings in a more efficient manner. We thus conclude that Rule 257.33 was amended as a result of an act of the Legislature.

In addition, in construing a statute or rule this Court should accord great deference to the state agency's interpretation of that statute or rule. *Magreta v Ambassador Steel Co,* 380 Mich 513; 158 NW2d 473 (1968). While not part of the record, the secretary indicates in his brief that for the past four and a half years he has interpreted the 1980 amendment of § 625f to remove the 30-day limit on implied consent hearings and has been conducting hearings within a reasonable time.

We believe that this is the most reasonable construction of the rule.

The lower court's order denying petitioner's restoration of driving privileges is affirmed.