WAYNE COUNTY PROSECUTOR v WAYNE CIRCUIT JUDGE

Docket No. 89955. Submitted June 17, 1986, at Grand Rapids. Decided August 19, 1986.

Patrick W. DeWitt was convicted on his plea of guilty of operating a motor vehicle while under the influence of intoxicating liquor, third offense, by the Wayne Circuit Court, Theodore R. Bohn, J. The circuit court sentenced DeWitt to a three-year probationary term with twenty weekends to be served in the county jail. The Wayne County Prosecutor filed a complaint for superintending control in the Court of Appeals against the circuit court judge, arguing that the sentence imposed did not comply with the penal provisions of the Michigan Vehicle Code regarding felony convictions.

The Court of Appeals *held*:

1. The sentencing authority of a trial court derives not from any inherent judicial power, but from delegation of legislative authority.

2. The conflict between the penal provisions of the Michigan Vehicle Code mandating a minimum sentence of one year and a maximum sentence of five years, or a fine of not less that $500 nor more than $5,000 or both for felony convictions under the vehicle code and the Code of Criminal Procedure provision allowing probationary sentences for felony and misdemeanor convictions other than for murder, treason, criminal sexual conduct in the first or third degree, armed robbery, and certain major controlled substance offenses must be resolved in favor of the Michigan Vehicle Code.

3. The circuit court erred in failing to follow the mandate of the vehicle code when sentencing DeWitt. However, the circuit court, in the exercise of its discretion on remand, may supplement its probationary order with a fine of not less than $500

REFERENCES

Am Jur 2d, Criminal Law §§ 28-30, 525 *et seq.*

Am Jur 2d, Statutes §§ 142 *et seq.*

See the annotations in the Index to Annotations under Driving While Intoxicated; Felonies; Sentence and Punishment; Statutes.

nor more than $5,000 to comply with the vehicle code penal provision.

Superintending control is granted, the sentence vacated, and the case remanded.

1. CRIMINAL LAW — SENTENCING — COURTS.

The sentencing authority of a trial court derives not from any inherent judicial power but from delegation of legislative authority.

2. STATUTES — JUDICIAL CONSTRUCTION.

A court, when construing two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special act or provision, must construe the special act or provision as intended to consitute an exception to the general act, as the Legislature is not to be presumed to have intended a conflict.

3. CRIMINAL LAW — SENTENCING — FELONIES — VEHICLE CODE.

A court, when sentencing a defendant for an offense designated as a felony by the Michigan Vehicle Code, must impose a prison sentence of not less than one year nor more than five years, or a fine of not less than $500 nor more than $5,000, or both such fine and imprisonment; a court may not impose a probationary sentence with no fine on a person convicted of a felony under the vehicle code (MCL 257.902; MSA 9.2602).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for plaintiff.

*Stroia & Stroia* (by *Eugene J. Stroia*), for Patrick W. DeWitt.

Before: MACKENZIE, P.J., and D. E. HOLBROOK, JR., and D. F. WALSH, JJ.

PER CURIAM. The Wayne County Prosecutor seeks superintending control to review the action of Wayne Circuit Judge Theodore R. Bohn on November 20, 1985, when he sentenced Patrick

William DeWitt to a three-year probationary term, with twenty weekends to be served in the Wayne County jail, pursuant to DeWitt's plea-based conviction of OUIL, third offense. MCL 257.625(6); MSA 9.2325(6). The prosecutor contends that the sentence is illegal. Pursuant to MCR 7.206(D)(3), we peremptorily vacate the sentence imposed by the circuit court and remand for further proceedings, by means of this per curiam opinion, for the benefit of the bench and bar. *People v Nicolaides,* 148 Mich App 100, 101; 383 NW2d 620 (1985); *Manuel v Dep't of Corrections,* 140 Mich App 356, 357; 364 NW2d 334 (1985).

Section 625(6) of the Michigan Vehicle Code provides:

> A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 10 years of 2 or more prior convictions, as defined in subsection (5), is guilty of a felony. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person. [MCL 257.625(6); MSA 9.2325(6).]

The referenced subsections (1) and (2) define operating under the influence of intoxicating liquor or controlled substances (subsection [1]) and having an unlawful blood-alcohol level of 0.10 percent or greater (subsection [2]). In a similar vein, subsection (5) defines "prior conviction" as "a conviction under subsection (1) or (2), a local ordinance substantially corresponding to subsection (1) or (2), or a law of another state substantially corresponding to subsection (1) or (2)."

Section 902 of the vehicle code provides:

> Any person who is convicted of a violation of any of the provisions of this act declared to consti-

tute a felony, unless a different penalty is expressly provided herein, shall be punished by imprisonment for not less than 1 year nor more than 5 years, or by a fine of not less than $500.00 nor more than $5,000.00 or by both such fine and imprisonment. [MCL 257.902; MSA 9.2602.]

The probationary sentence imposed by Judge Bohn requires DeWitt to pay court costs of $165 per year, but makes no provision for a fine.

As the real party in interest, DeWitt has filed an answer to the complaint, pointing out that the Code of Criminal Procedure, MCL 771.1(1); MSA 28.1131(1), declares:

In all prosecutions for felonies or misdemeanors, except murder, treason, criminal sexual conduct in the first or third degree, robbery while armed, and major controlled substance offenses not described in subsection (3), if the defendant has been found guilty upon verdict or plea, and if it appears to the satisfaction of the court that defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer.

The issue is whether a sentencing judge has discretion, by virtue of the Code of Criminal Procedure, to impose a probationary sentence, but no fine, on a person convicted of a felony under the vehicle code. Resolution of this issue requires recognition of the basis principle that the sentencing authority of a trial court derives not from any inherent judicial power, but from delegation of legislative authority:

The validity of section 724, as amended by PA

1952, No 13, is further challenged on the ground that no discretion in the imposition of the statutory fine is permitted. In other words the statute itself fixes the amount of the fine, based on the determination by the court or jury, as the case may be, as to the amount of excessive weight transported by the equipment of the defendant. It is not essential to the validity of a penal statute that the court imposing sentence be permitted to exercise discretion to some extent, or within prescribed limitations. In the event of conviction of first[-]degree murder the offender is subject to a mandatory life sentence. The validity of such provision of the statute is commonly recognized. In *People v Palm,* 245 Mich 396, 403, 404 [223 NW 67 (1929)], certain mandatory provisions of the Code of Criminal Procedure of the [s]tate were sustained, the opinion in the case declaring in substance that courts have no discretionary power except as conferred by law. See, also, *State v Stang Tank Line,* 264 Wis 570 (59 NW2d 800) [1953], in which it was held that, under a similar statute, the trial court had no discretion as to the amount of the fine. The fact that the [L]egislature in the instant case saw fit to prescribe the penalty and to make the imposition mandatory does not render the statute under which defendant was prosecuted unconstitutional. [*People v Wolfe,* 338 Mich 525, 542; 61 NW2d 767 (1953).]

This holding has a pedigree which goes back at least as far as *People v Smith,* 94 Mich 644, 646; 54 NW 487 (1893), where the Court said:

Upon the Legislature alone is conferred the power to fix the minimum and maximum of the punishment for all crimes.

Thus, in *People v Palm, supra,* p 404, it was held:

The courts have no discretionary power in this

respect unless it be conferred upon them by law. Under its mandate, murder in the first degree is punished by life imprisonment. Courts have no inherent power to modify a statute in this respect to meet exceptional cases.

There remains, however, a conflict between the Vehicle Code and the Code of Criminal Procedure. The Code of Criminal Procedure is obviously a generic statute, designed with no particular substantive penal provision in mind. However, § 902 of the vehicle code is specific, at least in terms of offenses defined as felonies under that particular body of statutory law.

Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act, as the Legislature is not to be presumed to have intended a conflict. *Crane v Reeder,* 22 Mich 322 (1871). The dates on which the two statutes were enacted or reenacted are irrelevant; a later statute which is general and affirmative in its provisions will not abrogate a former one which is particular or special. *Regents of University of Michigan v Auditor General,* 109 Mich 134; 66 NW 956 (1896). Hence, even though § 902 of the vehicle code has not been amended since 1949, whereas the probation statute was reenacted as recently as 1982 PA 470, nonetheless the former controls.

Hence, the circuit court erred in failing to follow the mandate of § 902, i.e., imposing on DeWitt either a minimum sentence of one and a maximum sentence of five years imprisonment, or a minimum fine of $500, or both. This is not to say

that the probationary order is otherwise invalid; in the discretion of the circuit court, the probationary order could be supplemented with a fine of not less than $500 nor more than $5,000, thereby meeting the criteria of § 902, which to that extent would then be consistent with the Code of Criminal Procedure.

Superintending control is granted, the sentence vacated, and the case remanded for further proceedings consistent with this opinion.