TERCHECK v DEPARTMENT OF TREASURY

Docket No. 88704. Submitted October 16, 1986, at Lansing. Decided July 7, 1988.

Thomas Tercheck, doing business as Howell Dental Lab, manufactures and sells dental appliances to dentists upon their order and pursuant to their specifications. Tercheck purchases raw materials from suppliers located in and out of state. Tercheck pays sales taxes on materials purchased from in-state suppliers. The Department of Treasury issued a deficiency assessment to Tercheck, who petitioned for review by the Michigan Tax Tribunal. Petitioner contended that the out-of-state purchases of raw materials were exempt from the use tax. The Tax Tribunal affirmed the assessment. Petitioner appealed.

The Court of Appeals *held:*

A sale at retail is required for application of the replacement parts exemption and the industrial processing exemption from the use tax, as provided under the Use Tax Act. These exemptions do not apply to petitioner since his activities constitute a service rendered to dentists and do not involve a retail sale of dental appliances to patients.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

Appellate review of Tax Tribunal decisions is limited to determining whether they are authorized by law and whether the factual findings are supported by competent, material, and substantial evidence on the whole record.

2. TAXATION — USE TAX — EXEMPTIONS.

Exemptions from the use tax are not favored and the burden rests on the party asserting the right to an exemption to establish the claim.

3. TAXATION — USE TAX — EXEMPTIONS — REPLACEMENT PARTS.

Retail sales of any apparatus, device, appliance, or equipment

REFERENCES

Am Jur 2d, Sales and Use Taxes §§ 211, 217 *et seq.*, 240.

Items or materials exempt from use tax as used in manufacturing, processing, or the like. 30 ALR2d 1439.

used to replace or substitute for any part of the human body, or used to assist the disabled person to lead a reasonably normal life, are exempt from the use tax if purchased on a written prescription or order issued by a licensed health professional; repair and replacement parts for such items are also exempt (MCL 205.94[4][r]; MSA 7.555[4][r]; 1979 AC, R 205.139).

4. TAXATION — USE TAX — EXEMPTIONS — INDUSTRIAL PROCESSING.
    Retail sales of tangible personal property for use or consumption in industrial processing, subject to certain exceptions, are exempt from the use tax (MCL 205.94[4][g]; MSA 7.555[4][g]).

5. TAXATION — USE TAX — DENTAL APPLIANCES.
    An individual who, pursuant to purchase orders of dentists and consistent with their specifications, manufactures and sells dental appliances to the dentists does not qualify for either the replacement parts or industrial processing exemptions to the use tax with regard to raw materials purchased from out of state suppliers (MCL 205.94[4][g] and [r]; MSA 7.555[4][g] and [r]; 1979 AC, R 205.139).

*John S. Lobur, P.C.* (by *John S. Lobur*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistant Attorneys General, for respondent.

Before: WALSH, P.J., and CYNAR and R. L. TAHVONEN,* JJ.

PER CURIAM. Petitioner appeals as of right from a decision of the Michigan Tax Tribunal upholding a use tax assessment for the taxable period August 1, 1979, through April 30, 1983. We affirm.

On June 13, 1984, the Michigan Department of Treasury issued to Thomas Tercheck a final deficiency assessment of $2,083.66, plus an assessment of penalty of $518.40, and accrued interest (updated to May 1, 1984) of $554.13. On July 3, 1984,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Tercheck petitioned for review by the Michigan Tax Tribunal. Tercheck contended that his out-of-state purchases of raw materials were exempt from the use tax. The Tax Tribunal affirmed the final assessment. Tercheck does not dispute the accuracy of the assessment, assuming that the purchases are subject to the use tax.

The facts are not in dispute. Tercheck owns and operates Howell Dental Lab. His business includes the production of dental appliances, such as dentures and crowns, upon order from dentists. With the order, the dentist sends Tercheck an impression of the patient's mouth. Tercheck purchases raw materials from both in-state and out-of-state suppliers. In-state suppliers collect a sales tax from Tercheck. Tercheck charges dentists a flat fee for dental appliances, and the dentists use these appliances in providing services to their patients.

Appellate review of Tax Tribunal decisions is limited to determining whether they are authorized by law and whether the factual findings are supported by competent, material and substantial evidence on the whole record. *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28; 355 NW2d 627 (1984).

The use tax, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.*, is intended to cover transactions not covered by the General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq. Master Craft Engineering, Inc v Dep't of Treasury,* 141 Mich App 56, 68; 366 NW2d 235 (1985). The use tax is imposed on the privilege of using, storing or consuming tangible personal property in Michigan. MCL 205.93; MSA 7.555(3).

Exemptions from the use tax are not favored and the burden rests on the party asserting the right to an exemption to establish the claim. *Edison v Dep't of Revenue,* 362 Mich 158, 162; 106 NW2d 802 (1961). Tercheck relies on the "replace-

ment parts" and "industrial processing" exemptions found in MCL 205.94(r) and (g); MSA 7.555(4)(r) and (g).

The replacement parts exemption states that the use tax shall not be levied on

> [a] hearing aid, contact lenses if prescribed for a specific disease which precludes the use of eyeglasses, or any other apparatus, device, or equipment used to replace or substitute for any part of the human body, or used to assist the disabled person to lead a reasonably normal life when the tangible personal property is purchased on a written prescription or order issued by a licensed health professional as defined by section 4 of former Act No. 264 of the Public Acts of 1974, as amended, being section 325.904 of the Michigan Compiled Laws, or section 21005 of Act No. 368 of the Public Acts of 1978, being section 333.21005 of the Michigan Compiled Laws, or eyeglasses prescribed or dispensed to correct the person's vision by an ophthalmologist, optometrist, or optician. [MCL 205.94(4)(r); MSA 7.555(4)(r).]

The Tax Tribunal correctly ruled that the replacement parts exemption is not applicable to Tercheck because Tercheck does not sell replacement parts at retail. A sale at retail to the ultimate consumer is a requirement to qualify for this exemption. 1979 AC, R 205.139, Rule 89, provides:

> (1) Retail sales of hearing aids and replacement parts are exempt from tax.
> (2) Retail sales of any apparatus, device, appliance, or equipment used to replace or substitute for any part of the human body, or used to assist the disabled person to lead a reasonably normal life, are exempt if purchased on a written prescription or order issued by a licensed health professional. Repair and replacement parts for such items are also exempt.

Great deference is given to a state agency's interpretation of a statute or rule. *Webster v Secretary of State,* 147 Mich App 762, 767; 382 NW2d 745 (1985). We find that Rule 89 correctly interprets the replacement parts exception. The Tax Tribunal's decision was authorized by law and supported by substantial evidence.

Tercheck also claims that the industrial processing exemption to the use tax applied. That exemption states that the use tax shall not be levied on

> [p]roperty sold to a person for use or consumption in industrial processing. Industrial processing shall not include tangible personal property permanently affixed and becoming a structural part of real estate; services performed upon property owned by another where the services do not transform, alter, or modify the property so as to place it in a different form, composition, or character, office furniture, office supplies, and administrative office equipment; receipt and storage of raw materials purchased or extracted by the user or consumer; vehicles licensed and titled for use on public highways; or the preparation of food and beverages by a retailer for retail sale. [MCL 205.94(4)(g); MSA 7.555(4)(g).]

The Department of Treasury considers dentists and dental laboratories to perform nontaxable services. The fact that materials may be used or consumed in performing those services does not create taxable transactions. Only when a dental laboratory transfers material to a dentist without performing services on the materials does the department treat the transaction as taxable.

For the industrial processing exemption to apply, there must be a retail sale. The Tax Tribunal determined that Tercheck's transactions with the dentists did not include a sale at retail. The Tax

Tribunal recognizes that Tercheck transfers tangible personal property to dentists, but characterizes the entire transaction as one involving services.

To prepare a dental appliance, Tercheck must precisely follow the instructions of the dentist. The dentist supplies Tercheck with an impression of the patient's mouth, information on the materials to be used, and the specific color in which to make the appliance. The value of Tercheck's work is the professional services he performs on the raw materials when preparing dental appliances. Tercheck charges a flat fee for dental appliances. Costs of materials and labor are not charged separately.

Since the value of Tercheck's work is in the services he performs, we find that the Tax Tribunal's conclusion that no sale at retail occurred was authorized by law and supported by substantial evidence. See *Webster, supra;* 1979 AC, R 205.111. In this case, Tercheck charges dentists for his services, the dentists charge their patients for services, and there is no retail sale of dental appliances to patients.

Affirmed.