DEARBORN FEDERATION OF TEACHERS LOCAL 681, MFT, AFT, AFL-CIO v DEARBORN BOARD OF EDUCATION

Docket No. 97743. Submitted June 14, 1988, at Detroit. Decided October 17, 1988. Leave to appeal applied for.

The Wayne County Intermediate School District reorganized programs providing special education services for hearing impaired students by discontinuing the services in the Garden City and Southgate constituent school districts and making the Dearborn Board of Education responsible for providing the services. The Dearborn Board of Education hired five teachers who lost their employment with Garden City and Southgate as a result of the reorganization. The teachers were granted credit for their time of service in their former employment for purposes of seniority. The Dearborn Federation of Teachers Local 681, MFT, AFT, AFL-CIO, filed suit against the Dearborn Board of Education in Wayne Circuit Court challenging the propriety of granting the five teachers credit for seniority earned in their former employment with the Garden City or Southgate districts. The court, Marvin R. Stempien, J., granted summary disposition in favor of defendant, finding that the conferral of seniority status to the five teachers was lawful. Plaintiff appealed.

The Court of Appeals held:

1. The five teachers were "transferred" within the meaning of § 51(5) of the State School Aid Act and are entitled to the benefits, including retention of seniority status, provided in that section.

2. The § 51(5) provision for retention of employee rights, benefits, and tenure in the event of an interdistrict transfer is not subject to defendant's duty to engage in collective bargaining pursuant to the public employment relations act.

Affirmed.

1. Schools — Special Education — Transfer of Teachers — Employee Benefits — State School Aid Act.

The State School Aid Act requires that special education person-

References
Am Jur 2d, Schools §§ 136, 149, 158.
See the Index to Annotations under Schools and Education; Teachers and Instructors; Tenure.

nel transferred from one school district to another to implement the School Code of 1976 shall be entitled to the rights, benefits, and tenure to which the person would otherwise be entitled had that person been employed by the receiving district originally; the severing of employment by one district and the hiring by another constitutes a transfer for purposes of § 51(5) of the State School Aid Act (MCL 388.1651[5]; MSA 15.1919[951][5]).

2. SCHOOLS — SPECIAL EDUCATION — TRANSFER OF TEACHERS —
    EMPLOYEE BENEFITS — STATE SCHOOL AID ACT — PUBLIC EMPLOYMENT RELATIONS ACT.
    The section of the State School Aid Act which provides for retention of employee rights, benefits, and tenure in the event of an interdistrict transfer is not subject to a school board's duty to engage in collective bargaining pursuant to the public employment relations act (MCL 388.1651[5], 423.215; MSA 15.1919[951][5], 17.455[15]).

*Miller, Cohen, Martens & Ice, P.C.* (by *Mark H. Cousens* and *Maria M. Fernandez*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Leonard D. Givens* and *Diane M. Soubly*), for defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and M. D. SCHWARTZ,* JJ.

HOLBROOK, JR., J. Plaintiff, the collective-bargaining representative of teachers employed by defendant Dearborn Board of Education, appeals from an order of summary disposition granting defendant relief in the form of declaratory judgment that the conferral of seniority status to five special education teachers was lawful. We affirm for the limited reasons stated in this opinion.

This dispute resulted from the decision of the Wayne County Intermediate School District to reorganize programs providing special education services for hearing impaired students. Prior to

* Circuit judge, sitting on the Court of Appeals by assignment.

the reorganization, the Garden City and Southgate constituent school districts provided these services. Pursuant to the reorganization, the programs provided previously by the two constituent school districts were discontinued, and defendant Dearborn Board of Education assumed the responsibility for providing those services. Five teachers who lost their employment with Garden City and Southgate as a result of the reorganization were then hired by defendant with a carryover of credit for their time of service in their former employment for purposes of seniority. Plaintiff challenges the propriety of granting the five teachers credit for seniority earned in their former employment with the Garden City or Southgate districts. We hold that defendant's decision to grant this seniority status was proper.

Section 51(5) of the State School Aid Act of 1979 provides:

> Special education personnel transferred from 1 district to another to implement the school code of 1976 shall be entitled to the rights, benefits, and tenure to which the person would otherwise be entitled had that person been employed by the receiving district originally. [MCL 388.1651(5); MSA 15.1919(951)(5).]

Special education programs and services are mandated by the School Code of 1976. See MCL 380.1701 *et seq.*; MSA 15.41701 *et seq.* Since it appears that defendant effected a transfer to implement these statutorily mandated programs and services, it follows that defendant's determination of seniority status was in accordance with § 51(5). In an attempt to avoid this statutory provision, plaintiff argues that the teachers were not "transferred" within the meaning of the statute, but rather they were severed from employment by one

district and then hired by another. We disagree. Plaintiff does not explain exactly what procedures the districts could have implemented if the statute is construed to require a more formal transfer procedure. We are unaware of any statutory provision regulating an interdistrict transfer of employees. It is clear that each school district has the statutory authority to make its own autonomous hiring decisions. See MCL 380.1231(1); MSA 15.41231(1). If, in the absence of statutory authority, a formal transfer procedure was implemented, the resultant divestment of the constituent school district's authority to make its own hiring decisions would probably run afoul of the allocation of hiring authority and discretion effected by the School Code. Because the overall statutory scheme does not appear to recognize a tranfer procedure substantially different from the actual arrangement used in this case, we conclude that the five special education teachers were "tranferred" within the meaning of § 51(5) and that they are entitled to the benefits, including retention of seniority status, provided in § 51(5).

We find further support for our conclusion from the evinced policy of the Legislature to preserve intact the rights and tenure of school employees affected by reorganizations of special education programs and services. In addition to § 51(5), this policy also finds expression in the School Code. In the context of specified instances of reorganization of special education programs and services, the School Code attempts to ameliorate the disruptive effects of personnel dislocations by providing for a hiring preference in favor of those employees whose employment was terminated as a result of the discontinuation of a special education program or service. The hiring preference obligates the entity assuming the responsibility of providing

those programs or services previously provided by the former employer. Thus, the preference obligates an intermediate school district with respect to former employees of a constituent school district, MCL 380.1742; MSA 15.41742, an intermediate school district with respect to former employees of a state agency, MCL 380.1743; MSA 15.41743, and a constituent school district with respect to former employees of an intermediate school district, MCL 380.1766; MSA 41766. Although the School Code is not applicable in this case, which involves a transfer of employment from one constituent district to another, we think that it does highlight pertinent policy considerations.

We further conclude that the § 51(5) provision for retention of employee rights, benefits, and tenure in the event of an interdistrict transfer is not subject to defendant's duty to engage in collective bargaining pursuant to the public employment relations act. See MCL 423.215; MSA 17.455(15). The specific mandate of § 51(5), contemplating a narrowly defined problem, must control over the more general provisions of the PERA. See *Wayne Co Prosecutor v Wayne Circuit Judge,* 154 Mich App 216, 221; 397 NW2d 274 (1986). Moreover, unlike the situations in *Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich 616, 627-633; 227 NW2d 736 (1975), and other cases cited by plaintiff, the State School Aid Act was enacted *after* PERA and, therefore, it cannot be said that the Legislature intended PERA to diminish pro tanto rights afforded by the State School Aid Act.

Affirmed.