PEOPLE v RODRIGUEZ

Docket No. 202538. Submitted November 9, 1998, at Detroit. Decided July 16, 1999, at 9:00 A.M. Leave to appeal sought.

Rudolfo G. Rodriguez, Jr., was convicted by a jury in the Lenawee Circuit Court, Harvey A. Koselka, J., of one count of felony use tax evasion and two counts of misdemeanor use tax evasion. The charges stemmed from the defendant's failure to pay use tax on three vehicles purchased outside Michigan. The defendant claimed that because he was an agent of a Texas automobile dealer when he purchased the vehicles and purchased them with the intention to resell them, there was no use tax due. The defendant appealed.

The Court of Appeals *held*:

1. The use tax statute does not require proof that the defendant sold the vehicles before the tax was due. Subsection 3(2) of the Use Tax Act, MCL 205.93(2); MSA 7.555(3)(2), provides that the use tax is due before the transfer of the vehicle. The "transfer" referred to by subsection 3(2) is between the Michigan resident, from whom the use tax is due, and the out-of-state seller.

2. The exemption from the tax provided in MCL 205.94(c); MSA 7.555(4)(c), regarding property purchased for resale, does not apply to this case because the more specific provisions of subsection 3(2), regarding vehicle transfers, apply.

3. The court's statement to the jury that the defendant is "not a Michigan dealer, and that means he's subject to the tax" did not amount to a directed verdict of guilt. The court correctly concluded that the defendant did not qualify for the exemption in subsection 3(2), but wrongly determined that the statute relieves only Michigan dealers from paying the tax. The defendant did not meet the requirements of the exemption in subsection 3(2) that no tax is due at the time if the vehicle is transferred to a licensed dealer or retailer for purposes of resale that arises by reason of a transaction made by a person who does not transfer vehicles in the ordinary course of his business done in this state.

Affirmed.

SMOLENSKI, P.J., dissenting, stated that the exemption in subsection 4(c) for property purchased for resale specifically applies to the defendant's transactions and that the court erred in failing to

instruct the jury that the defendant was exempt from paying the tax pursuant to subsection 4(c) if he intended to resell the vehicles. The court's comment that the defendant was "not a Michigan dealer, and that means he's subject to the tax" invaded the province of the jury. The making of the statement, if the statement is viewed as an instruction, was error requiring reversal because the statement instructed the jury that an essential element of the criminal offense existed as a matter of law.

1. TAXATION — USE TAX — TRANSFER OF VEHICLES.

   Subsection 3(2) of the Use Tax Act provides that the use tax is due before the transfer of a vehicle between a Michigan resident, from whom the use tax is due, and an out-of-state seller; the statute does not provide that the Michigan resident does not have to pay the tax until the resident thereafter sells the vehicle (MCL 205.93[2]; MSA 7.555[3][2]).

2. TAXATION — USE TAX — VEHICLE TRANSFERS — PROPERTY PURCHASED FOR RESALE.

   The exemption from the use tax provided in MCL 205.94(c); MSA 7.555(4)(c) regarding property purchased for resale does not apply in an action for failure to pay use tax with regard to vehicle transfers where the more specific provisions regarding vehicle transfers contained in MCL 205.93(2); MSA 7.555(3)(2) apply.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *K. Naomi Lim* and *David C. Cannon*, Assistant Attorneys General, for the people.

Constitutional Litigation Associates, P.C. (by *Hugh M. Davis, Jr.*, and *Patrick M. Edwards*), for the defendant.

Before: SMOLENSKI, P.J., and McDONALD and DOCTOROFF, JJ.

McDONALD, J. Following a jury trial, defendant was convicted of one count of felony use tax evasion, MCL 205.27(2); MSA 7.657(27)(2), and two counts of misdemeanor use tax evasion, MCL 205.27(4); MSA 7.657(27)(4). The trial court sentenced defendant to

five years' probation for the felony conviction and two years' probation for the two misdemeanor convictions. Defendant appeals as of right. We affirm.

Defendant was convicted of failing to pay use tax on three vehicles that were purchased outside Michigan, a 1988 Pontiac Bonneville, a 1988 Chevrolet van, and a 1985 Ford one-ton cube van. Defendant claims he was an agent of a Texas automobile dealer when he purchased the vehicles and that he purchased the vehicles intending to resell them.[1]

Defendant first argues the trial court should have granted his motion for a directed verdict because there was insufficient evidence to support his convictions. Defendant claims the prosecution did not present any evidence that use tax was due on the vehicles because there was no evidence he had sold the vehicles. We disagree with defendant that the statute requires such proof.

When reviewing the sufficiency of the evidence in a criminal case, this Court must view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *People v Vronko*, 228 Mich App 649, 654; 579 NW2d 138 (1998). However, this Court reviews questions of law regarding statutory interpretation de novo. *People v Bobek*, 217 Mich App 524, 528; 553 NW2d 18 (1996).

A use tax is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal

---

[1] Defendant admits in his brief that he bought the Bonneville for his wife, but claims he changed his mind and intended to sell the car "at various times."

property in this state . . . ." MCL 205.93(1); MSA 7.555(3)(1). The Use Tax Act is intended to cover transactions not covered by the General Sales Tax Act, MCL 205.51 *et seq.*; MSA 7.521 *et seq. Tercheck v Dep't of Treasury,* 171 Mich App 508, 510; 431 NW2d 208 (1988). Defendant relies on subsection 3(2) of the Use Tax Act, which provides, in relevant part:

> The tax imposed by this section for the privilege of using, storing, or consuming a vehicle . . . *shall be collected before the transfer of the vehicle,* . . . except a transfer to a licensed dealer or retailer for purposes of resale that arises by reason of a transaction made by a person who does not transfer vehicles . . . in the ordinary course of his or her business done in this state. The tax on a vehicle . . . shall be collected by the secretary of state before the transfer of the vehicle . . . registration. [MCL 205.93(2); MSA 7.555(3)(2) (emphasis added).]

Subsection 3(2) clearly states that the use tax is due before the transfer of the vehicle. Defendant claims subsection 3(2) indicates that when a vehicle is transferred, the use tax is never due until the transferee sells the vehicle. Defendant's argument misapprehends the "transfer" referred to by the statute. Under defendant's interpretation of the statute, no use tax would be due unless and until the vehicle is resold by the transferee. However, the plain language of the statute does not support defendant's interpretation. It is clear that the transfer referred to by subsection 3(2) is between the Michigan resident, from whom the use tax is due, and the out-of-state seller.[2]

---

[2] We note the exception in subsection 3(2), which applies when the vehicle is transferred "to a licensed dealer or retailer for purposes of resale that arises by reason of a transaction made by a person who does not transfer vehicles . . . in the ordinary course of his or her business

Defendant next argues the trial court erred in not instructing the jury that he was exempt from paying use tax if he intended to resell the vehicles pursuant to MCL 205.94(c); MSA 7.555(4)(c) (subsection 4[c].) Defendant claims the trial court erroneously concluded that in order to take advantage of the exemption in subsection 4(c), defendant must be a licensed dealer in Michigan. We find that the exemption in subsection 4(c), property purchased for resale, does not apply to this case because a more specific section, subsection 3(2), vehicle transfers, applies. See *Wayne Co Prosecutor v Wayne Circuit Judge*, 154 Mich App 216, 221; 397 NW2d 274 (1986). Accordingly, defendant's argument that the trial court should have instructed the jury that if it found defendant purchased the vehicles for resale he would be exempt from paying use tax pursuant to subsection 4(c) is without merit.

Finally, defendant argues the trial court made a comment during defendant's closing argument that essentially directed a guilty verdict, denying him his right to a jury trial. During closing argument, counsel began arguing that defendant eventually sold all the vehicles at auctions and that the tax did not apply to "dealer-to-dealer transactions." The prosecution objected to this argument. During the exchange among the attorneys and the trial court, the trial court essentially stated defendant did not qualify as a dealer under the exemption because he was not a Michigan dealer. The trial court then stated, in the

---

done in this state." However, defendant does not appear to be arguing this exception applies at this point in his brief.

presence of the jury, "[h]e's not a Michigan dealer, and that means he's subject to the tax."

We interpret the trial court's statement as an instruction to the jury that the exception set forth in subsection 3(2) did not apply because defendant was not a Michigan dealer. While we disagree with the trial court's interpretation of the statute as relieving only Michigan dealers from paying the use tax, we find the trial court was correct in concluding that defendant did not qualify for the exception in subsection 3(2).

As we have already discussed, subsection 3(2) requires use tax to be paid "before the transfer of the vehicle . . . ." MCL 205.93(2); MSA 7.555(3)(2). However, subsection 3(2) also contains an exception to the requirement that use tax be paid before the transfer of the vehicle. The exception provides that use tax is not required to be paid at that time if the vehicle is transferred to a "licensed dealer or retailer for purposes of resale that arises by reason of a transaction made by a person who does not transfer vehicles . . . in the ordinary course of his or her business done in this state." *Id.* The trial court and the parties fail to recognize that in addition to the requirement that the transfer be made to a licensed dealer who intends to resell the vehicle, the statute provides that the transfer must arise because "of a transaction made by a person who does not transfer vehicles . . . in the ordinary course of his or her business done in this state." *Id.* In this case, there was no evidence presented that defendant was involved in any such transaction.[3]

___

[3] We realize that this Court has stated that subsection 3(2) requires a "use tax to be paid with respect to each transfer of a vehicle title other than those transfers for resale by registered dealers." *Daguanno v Dep't of*

Accordingly, he did not meet the requirements of the exception and was required to pay the tax before the transfer of the vehicles. While the trial court may have reached this conclusion for the wrong reason, we will not reverse on that basis. *People v Lyon*, 227 Mich App 599, 612-613; 577 NW2d 124 (1998). Moreover, we do not find that the trial court's instruction to the jury that the exemption did not apply amounted to a directed verdict of guilt. See *People v Gaydosh*, 203 Mich App 235, 237; 512 NW2d 65 (1994).

Affirmed.

SMOLENSKI, P.J. *(dissenting)*. I respectfully dissent and would reverse defendant's conviction.

I disagree with the majority's conclusion that defendant could not take advantage of the resale exemption in MCL 205.94(c); MSA 7.555(4) (subsection 4[c]) because the more specific section for vehicle transfers, MCL 205.93(2);MSA 7.555(3)(2) (subsection 3[2]) applied. On the contrary, I conclude that subsection 4(c), which creates a separate tax exemption for property purchased for resale, specifically applies to defendant's transactions. I further conclude that the trial court erred in failing to instruct the jury that defendant was exempt from paying use tax if he intended to resell the vehicles pursuant to the specific exemption set forth in subsection 4(c).

I also disagree with the majority's interpretation of the trial court's statement in the presence of the jury that defendant was "not a Michigan dealer, and that

---

*Treasury*, 203 Mich App 130, 134; 512 NW2d 32 (1993). This summary of subsection 3(2) also does not mention the additional statutory language. However, the issue in *Daguanno* was whether the sales tax exemption applied; therefore, this Court's statement regarding subsection 3(2) was dictum.

means he's subject to the tax," as an instruction to the jury that the exception set forth in subsection 3(2) did not apply because defendant was not a Michigan dealer. "There is a difference between commenting on the evidence and making a finding of fact for the jury." *People v Reed*, 393 Mich 342, 351; 224 NW2d 867 (1975). When the court made this statement, it invaded the province of the jury. *Id.* at 351. Furthermore, if the trial court's statement is construed to be an instruction, then the court committed an error requiring reversal because it instructed the jury that an essential element of the criminal offense exists as a matter of law. *Id.* at 349-351; *People v Tice*, 220 Mich App 47, 54; 558 NW2d 245 (1996).