PEOPLE v SPENCLEY

Docket No. 134468. Submitted November 3, 1992, at Grand Rapids. Decided December 21, 1992, at 9:20 A.M.

James Spencley pleaded guilty in the 85th District Court, Brent V. Danielson, J., of impaired driving on the condition that he could challenge on appeal the legality of his arrest without a warrant. Before his arrest, the police had found the defendant asleep behind the steering wheel of an automobile that was parked partially on the shoulder of a highway and partially in the driveway of a motel. The automobile's motor was running and its lights were on. The Benzie Circuit Court, James M. Batzer, J., reversed the defendant's conviction, ruling that the arrest was unlawful. The prosecution appealed by leave granted.

The Court of Appeals *held:*

1. Pursuant to MCL 764.15; MSA 28.874, police officers, subject to certain exceptions, may arrest a person for a misdemeanor without an arrest warrant only if the misdemeanor is committed in their presence. An exception to this general rule is MCL 764.15(1)(h); MSA 28.874(1)(h), which authorizes an arrest without a warrant for the misdemeanor offense of operating a motor vehicle while under the influence of intoxicating liquor where an accident is involved. In this case, the defendant's arrest was unlawful because the police officers did not observe the defendant drive the automobile and no accident was involved.

2. Evidence obtained as a result of the defendant's unlawful arrest, including the blood alcohol test results that served as a basis for the conviction, is inadmissible in the event of a retrial.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *O. Paul Schendel,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*David G. Huft,* for the defendant.

Before: Hood, P.J., and Sawyer and Jansen, JJ.

Sawyer, J. Defendant James Spencley pleaded guilty in the 85th District Court of operating a motor vehicle while impaired. MCL 257.625b; MSA 9.2325(2). Defendant then appealed to the Benzie Circuit Court, which reversed. The people now appeal by leave granted, and we affirm.

In the circuit court, defendant argued that there was insufficient evidence of operating a motor vehicle to support the plea and that his arrest without a warrant was illegal because the misdemeanor was not committed in the presence of the arresting officer. The facts are not disputed. Defendant's vehicle, with the lights on and the engine running, was found parked partially on the shoulder of US-31 and partially in the driveway of a motel. The reporting officer observed tire tracks from the highway to the location of the vehicle, but observed no footprints on either side of the vehicle. Defendant was inside, crouched down behind the wheel, asleep, and had a strong odor of alcohol. On leaving the vehicle, defendant was very unsteady and his speech was slurred. Defendant tendered an unconditional plea of guilty to the lesser charge of operating a motor vehicle while impaired, admitting that he operated the vehicle while intoxicated and that a blood alcohol test indicated that he had a blood alcohol level of 0.13 percent or 0.14 percent.

Defendant moved to withdraw his plea, but in the end withdrew the motion. His guilty plea was treated as conditional on the right to raise on appeal the argument that his arrest was illegal. On appeal to the circuit court, the court found that defendant's arrest was, in fact, illegal and, therefore, reversed defendant's conviction.

On appeal, the people spend most of their brief

explaining why they can prove that defendant operated a motor vehicle while intoxicated without the officers actually having witnessed the operation of the vehicle. Accepting as true, without deciding, that the prosecutor has sufficient evidence to establish defendant's guilt without the officers having actually observed the operation of the vehicle, the prosecutor presents no meaningful argument concerning the lawfulness of the arrest. Rather, the prosecutor states an unsubstantiated and conclusory statement that if a jury could convict on the facts, then the officers had a basis for arresting the driver. That grossly oversimplifies the analysis because it does not address the crucial question presented in this case, namely, whether the officers were authorized to arrest defendant inasmuch as the offense was committed outside their presence. Defendant was not operating the vehicle at the time he was discovered by the officers. See *People v Pomeroy (On Rehearing)*, 419 Mich 441, 447; 355 NW2d 98 (1984).

Assuming, however, that there are sufficient facts from which to conclude that defendant was operating the vehicle while impaired at some time before the officers' arrival, was defendant's arrest without a warrant at that time justified? The prosecutor points to no applicable authority justifying the arrest without a warrant for the misdemeanor offense of operating a motor vehicle while under the influence of intoxicating liquor committed outside the presence of the police officers. Under the applicable statute, MCL 764.15; MSA 28.874, police officers, subject to certain exceptions, are only authorized to arrest without a warrant for misdemeanors committed in their presence. There is an exception for arrests for OUIL, but only where there has been an accident. MCL 764.15(1)(h); MSA 28.874(1)(h). Because defendant was not

involved in an automobile accident or operating the vehicle in the presence of the arresting officers, the prosecutor has presented no authority for the arrest of defendant without a warrant. Accordingly, the circuit court correctly concluded that defendant's arrest was illegal.

Having concluded that the circuit court correctly determined that defendant's arrest was illegal, we wish to briefly consider the question of the appropriate remedy. The circuit court merely reversed defendant's conviction, without noting whether further prosecution in the trial court was permissible. An illegal arrest does not preclude the prosecutor from bringing a prosecution. *People v Burrill,* 391 Mich 124, 133; 214 NW2d 823 (1974); *People v Dalton,* 155 Mich App 591, 597; 400 NW2d 689 (1986).

Rather, the appropriate remedy is the suppression of evidence derived as a result of the illegal arrest under the "fruit of the poisonous tree" doctrine. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). Thus, the blood alcohol test results would be inadmissible as fruits of the poisonous tree, but if there was sufficient evidence garnered before the arrest to establish defendant's guilt, the prosecutor could proceed with the prosecution, even in the absence of the blood alcohol test results. See *People v Willis,* 180 Mich App 31, 38; 446 NW2d 562 (1989). Thus, if the prosecution has sufficient evidence not tainted by the illegal arrest to proceed with the prosecution on the original charge, it may do so.

Affirmed.