**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carl Preston LAYNE, Defendant–
Appellant.**

**No. 92–6122.**

United States Court of Appeals,
Sixth Circuit.

Argued June 24, 1993.

Decided Oct. 1, 1993.

---

John MacCoon, Asst. U.S. Atty. (briefed), Jerry G. Cunningham, U.S. Atty., Office of U.S. Atty., Chattanooga, TN, Marvin N. Smith, Asst. U.S. Atty. (argued), U.S. Atty's Office, Greenville, TN, for plaintiff-appellee.

Perry H. Piper (argued and briefed), John F. Carroll, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, Leah J. Prewitt, Federal Defender Services, Knoxville, TN (briefed), for defendant-appellant.

Before: MILBURN and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

Defendant–Appellant, Carl Preston Layne, has appealed his conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Layne was indicted in a one-count indictment on February 2, 1992. He entered a conditional guilty plea pursuant to FED.R.CRIM.P. 11(a)(2), retaining the right to litigate the issues joined by his motion to suppress the recovered firearm and all post-arrest statements as fruit of a constitutionally defective arrest. An evidentiary hearing was conducted and Layne's suppression motion was denied. Defendant was sentenced on August 24, 1992, and a timely notice of appeal was filed on the same day.

On the morning of June 24, 1992, the Sequatchie County, Tennessee, Sheriff's Department received a report of a burglarized garage in their county. Several cases of oil, tools and a riding lawn mower had been reported stolen. Witnesses observed two men in a vehicle and recorded its attached license plate number. The license tag was registered to defendant.

On the following day, June 25, the Sequatchie County Sheriff and his deputy traveled to the adjacent Marion County where Layne resided for the express purpose of questioning him about the burglary. As the officers approached Layne's residence they passed a truck matching the description and bearing the reported license plate as the vehicle used in the garage burglary. The officers followed the truck into the city of Whitwell, in Marion County, where they signaled the truck to stop. The Whitwell Police department was summoned for backup and arrived after the vehicle had stopped. An investigative check disclosed that the vehicle registered to Layne had been reported as stolen.

When the Sequatchie County officers approached the vehicle, they observed tools and cans of oil in the rear bed of the truck, matching the items that had been reported stolen on the previous day in Sequatchie County. The deputy sheriff also testified that he saw a shotgun on the floor of the passenger's side of the truck when Layne exited the vehicle. The shotgun was seized and the defendant and driver of the vehicle were placed under arrest for the burglary of

the garage. Layne was taken into custody by the Sequatchie County authorities, while the driver of the vehicle was taken into custody by the Whitwell Police Department.

After Layne's arrest, he was taken in custody to the Sequatchie County Jail and given his *Miranda* warnings, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thereafter, an interview was initiated by a police investigator. Layne signed a *Miranda* waiver form at 12:27 a.m. on the morning of June 26, 1991, but the investigator terminated the interview after observing Layne's nervous and unstable appearance. Later on the same day, Layne was again advised of his *Miranda* rights, subsequent to which he made a formal statement wherein he denied any involvement in the burglary, but admitted to the possession and ownership of the shotgun.

Defendant was indicted on February 19, 1992, by a federal grand jury as a felon in possession of a firearm. He was arrested by a federal agent on April 1, 1992, as he was leaving the Sequatchie County Courthouse. After taking Layne into custody, the federal agent advised him of his Miranda rights. Layne confirmed his ownership of the firearm recovered during his June 25, 1992, arrest. At the onset of the federal agent's interrogation, the defendant informed the agent that he was represented by an attorney. At the hearing on the motion to suppress in Layne's federal trial, the agent testified that he was aware that Layne was represented by an attorney for the state burglary charges, but that he told defendant he did not intend to question him about those charges.

■■■ On appeal, defendant argued that his rights under the Fourth Amendment were violated when he was stopped and arrested without a warrant by officers of Sequatchie County outside of their geographical jurisdiction. The record disclosed that the officers had probable cause when making the stop. *Illinois v. Gates*, 462 U.S. 213, 244 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983) (probable cause only requires a probability or substantial chance of criminal activity, not an actual showing of criminal activity). Accordingly, the Fourth Amendment issue

confronting this appellate review is the validity of Layne's confrontation and arrest in Marion County by officers from Sequatchie County who were admittedly exercising police authority beyond their geographical jurisdiction. This court reviews the legal conclusions of the district court under a *de novo* standard, but reverses factual findings only if they are clearly erroneous. *United States v. Sanyineto–Miranda*, 859 F.2d 1501, 1512 (6th Cir.1988). In denying defendant's motion to suppress, the district court specifically relied upon the Tennessee Supreme Court's decision in *State v. Johnson*, 661 S.W.2d 854 (Tenn.1983).

In *Johnson*, an officer from Sequatchie County, Tennessee, arrested a suspect in Bledsoe County after receiving information that the suspect was attempting to sell stolen firearms in his possession in that county. The informant also relayed to the officer a detailed description of a red Ford pickup truck, including the license plate number, that the suspect was driving. Acting on this information, the Sequatchie County officer telephoned the authorities in Bledsoe County, informed them of the situation and received authority to pursue the suspect within Bledsoe County. Whereupon Sequatchie County officers proceeded to Bledsoe County where they observed a red Ford pickup bearing the license plate number described by the informant. The vehicle was stopped and the suspect was arrested. A search incident to the arrest recovered several stolen firearms. At his trial, the defendant argued that his arrest and the subsequent search and seizure were unconstitutional and that the arresting officer had acted without authority because he was acting outside his geographical jurisdiction.

On appeal, the state responded by demonstrating that the arresting officer had been appointed a special deputy of Bledsoe County with authority to pursue and arrest the defendant in Bledsoe County. The Tennessee Supreme Court concluded that it was not required to decide that issue. Rather, the court concluded that arrests within the state of Tennessee made by officers outside of their geographical jurisdictions were valid under the provisions of the state's citizen's

arrest statute, TENN.CODE ANN. § 40–7–109.[1] *Johnson,* 661 S.W.2d at 859. Thus, the authority delegated to the arresting officers by the Bledsoe County authorities had no bearing on the court's decision since the validity of the arrest was predicated solely upon Tennessee's private citizen's arrest statute. *Id.* Other jurisdictions have adopted a similar rationale in applying their respective private citizen's arrest statutes. *See* Russell G. Donaldson, Annotation, *Validity, in State Criminal Trial, of Arrest Without Warrant By Identified Peace Officer Outside of Jurisdiction, When Not in Hot Pursuit,* 34 A.L.R. 4th 328 (1984) and (Supp.1992) (listing jurisdictions that have found extra-jurisdictional arrests effected without warrants valid under a citizen's arrest statute). *But see id.,* at 337 (reviewing other jurisdictions that find such arrests inherently invalid).

Layne seeks to distinguish *Johnson* from the instant action by arguing that the *Johnson* court imposed a requirement of exigent circumstances to validate arrests effected by law officers under the authority of the private citizen's arrest statute. This argument is without merit. The statute makes no mention of exigent circumstances as a condition precedent for conferring authority upon a police officer to effect a private citizen's arrest and the language in *Johnson* relied upon by Layne offers no support for his conclusion. It states that the officer "was authorized to effect the arrest of the defendant in the circumstances related in this case." *Johnson,* 661 S.W.2d at 859. Read in conjunction with the statute, it is reasonable to conclude that the "circumstances" of which the *Johnson* court spoke were circumstances that permitted a private citizen to accomplish an arrest, i.e., when the arrested person had committed a felony not in the citizen's presence; or when a felony had been committed, and the private citizen had reasonable cause to believe that the person arrested committed it. TENN.CODE ANN. § 40–7–109(a)(2)–(3). The Sequatchie County officers in the instant action knew that a felony had been

committed and had reasonable cause to believe that Layne had committed the felony. Accordingly, defendant's arrest effected by officers acting outside their geographical jurisdiction was valid under the Tennessee private citizen's arrest statute, TENN.CODE ANN. § 40–7–109, and the Tennessee Supreme Court's decision in *Johnson.*

Having concluded that Layne's arrest did not violate the Fourth Amendment which is dispositive of this appeal, his charge that the seized firearm and his first confession were fruit of an unconstitutional arrest in violation of the Supreme Court's decision in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) need not be addressed.

Accordingly, for the reasons stated above defendant's conviction is hereby **AFFIRMED.**

---

1. § 40–7–109 provides that
(a) A private person may arrest another:

(2) When the person arrested has committed a felony, although not in his presence; or

(3) When a felony has been committed, and he has reasonable cause to believe that the person arrested committed it.
TENN.CODE ANN § 40–7–109.