PEOPLE v LYON

Docket No. 202442. Submitted October 7, 1997, at Lansing. Decided Febru-
      ary 3, 1998, at 9:00 A.M. Leave to appeal sought.

Jeffrey T. Lyon was charged in the 89th District Court with one count
of operating a motor vehicle while under the influence of intoxicat-
ing liquor (OUIL) and one count of driving while impaired. The
defendant filed a motion to suppress the evidence obtained after
his arrest without a warrant, including the results of a blood alco-
hol test, arguing that his arrest without a warrant was illegal
because the offense, a misdemeanor, did not occur in the presence
of the arresting officer, who had responded to a report of an
improperly parked vehicle on a highway exit. The court, Michael W.
MacDonald, J., denied the motion, noting that the defendant admit-
ted to the officer that he had driven his vehicle to the location
where it was parked, partially blocking the exit lane of the inter-
state highway, that any reasonable person viewing the defendant
would have concluded that he was under the influence of intoxicat-
ing liquor, and that MCL 764.15(1)(h); MSA 28.874(1)(h), the vehi-
cle accident exception, which allows a misdemeanor arrest without
a warrant, was applicable to the situation presented. The defendant
brought an interlocutory appeal, and the Cheboygan Circuit Court,
Lowell R. Ulrich, J., affirmed and remanded the matter to the dis-
trict court, primarily because the defendant failed to timely file a
brief, but also because the defendant was a person who would be
deemed to have been operating a motor vehicle within the parame-
ters of the OUIL statute. The defendant entered in the district court
a conditional plea of guilty of one count of OUIL, first offense.
Under the terms of the plea agreement, the count of driving while
impaired was to be dismissed and the defendant's driver's license
was not to be revoked. The plea was conditioned upon the defend-
ant's filing an application for leave to appeal to the Court of
Appeals with regard to the denial of the motion to suppress the evi-
dence, and sentencing was stayed pending disposition of the appli-
cation. The defendant was later allowed to withdraw his condi-
tional plea because the Secretary of State refused to honor the
nonrevocation of license provision. The district court stayed all
proceedings pending action by the Court of Appeals. The Court of
Appeals entered an unpublished order on September 17, 1997

(Docket No. 196752), reversing the district court's order denying the suppression motion and remanding the matter to the district court, stating that the officer did not observe the defendant operating his vehicle and that an improperly parked vehicle was not an "accident" under § 15(1)(h). The Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration. 454 Mich 886 (1997).

The Court of Appeals *held*:

1. The Legislature, in defining "operator" as anyone in actual physical control of a motor vehicle upon a highway, MCL 257.36; MSA 9.1836, did not intend the definition to apply to the facts of this case, where the defendant's vehicle was stopped, the keys were out of the ignition, and the defendant was outside the vehicle when he was confronted by the arresting officer. Because the defendant was neither operating his vehicle in the presence of the officer nor involved in an accident within the meaning given to that term under § 15(1)(h), the district court erred in concluding that the defendant was involved in an accident. Therefore, the officer did not have statutory authority to arrest the defendant without a warrant.

2. The exclusionary rule, which excludes evidence seized in violation of the Fourth Amendment, is applicable only where the seizure was constitutionally invalid, not merely statutorily illegal.

3. The facts of this case clearly support a finding that the officer had probable cause to arrest the defendant for the offense of OUIL. The defendant's arrest, although statutorily illegal, was supported by probable cause and was not constitutionally invalid. Therefore, the exclusionary rule does not apply under the facts of this case.

4. The district court reached the correct result, albeit for the wrong reason. The district court's order must be affirmed and the matter must be remanded to the district court for further proceedings.

Affirmed and remanded.

1. CRIMINAL LAW — ARREST WITHOUT WARRANT — DRIVING UNDER INFLUENCE OF
        INTOXICATING LIQUOR — ACCIDENTS.

    The driver of a vehicle involved in an accident may be arrested without a warrant if the driver was operating the vehicle while under the influence of intoxicating liquor at the time of the accident; a driver is not involved in an accident for purposes of the statute allowing such an arrest where there is no evidence that the driver caused a collision, personal injury, or property damage, and the evidence indicates that the driver intentionally drove the vehicle to

the side of the road and turned off the engine; the unexpectedness or undesirability of an event viewed from the perspective of a police officer coming on the scene is not necessarily sufficient to classify an incident as an "accident" (MCL 257.625[1][a], 764.15[1][h]; MSA 9.2325[1][a], 28.874[1][h]).

2. EVIDENCE — EXCLUSIONARY RULE — CONSTITUTIONALLY INVALID SEIZURES — STATUTORILY INVALID SEIZURES.

Evidence seized in violation of the Fourth Amendment is subject to the exclusionary rule, i.e., exclusion from being used against the defendant; this rule applies only if the seizure was constitutionally invalid and does not apply if the seizure was merely statutorily illegal; the constitutional validity of an arrest depends upon whether probable cause to arrest existed at the moment the arrest was made by the officer; probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Patrick M. Shannon,* Special Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Ronald J. Varga,* for the defendant.

Before: JANSEN, P.J., and DOCTOROFF and GAGE, JJ.

GAGE, J. This case is before us on remand from the Michigan Supreme Court for our plenary consideration. We now affirm the district court's denial of defendant's motion to suppress the results of a blood alcohol test.

On June 29, 1995, the arresting state police trooper had been notified to respond to a report of an automobile parked on an exit ramp of Interstate-75. When the officer arrived at the location, he observed two individuals (defendant and a second man) arguing over the keys to defendant's automobile. The keys were in the possession of the second man. Defendant's automobile was parked with the passenger side

tires approximately six inches to the right of the outside fog line and the driver's side of the vehicle partially blocking the exit lane. The vehicle was unoccupied and the engine was not running.

Defendant admitted to the officer that he had driven the automobile and had parked it in that position. The officer noted that defendant's face was flushed and his eyes were watery. Defendant's speech was slurred, his balance was poor, and he smelled of alcohol. The second man informed the officer that he had found defendant asleep behind the steering wheel of the vehicle. He smelled alcohol and took defendant's keys in order to prevent him from driving. Defendant told the officer that he was an attorney and requested a preliminary breath test, which showed a blood alcohol content of 0.353 percent. According to the officer, defendant also failed three of four field sobriety tests. The officer arrested defendant without a warrant for operating a motor vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625(1)(a); MSA 9.2325(1)(a). He then read defendant his chemical test rights and asked if he would submit to a blood alcohol test. Defendant agreed and was taken to a hospital. The laboratory test results indicated a 0.34 percent blood alcohol content.

Defendant filed a motion in the district court to suppress the evidence obtained after his arrest, including the results of the blood alcohol test, arguing that his arrest was illegal in that the offense, a misdemeanor, did not occur in the presence of the arresting officer. The district court denied defendant's motion, noting that defendant had admitted driving the automobile to the location where it was parked. Moreo-

ver, any reasonable person upon viewing defendant would have concluded that he was under the influence of intoxicants. The court also found that MCL 764.15(1)(h); MSA 28.874(1)(h), the vehicle accident exception to the warrant requirement, which allows a misdemeanor arrest without a warrant, applies in a situation where parking a vehicle on a public highway "was undesirable or unexpected by any of the parties directly involved." The court thus concluded that the arrest was lawful on the basis of this statutory exception. Defendant brought an interlocutory appeal in the circuit court and the circuit court affirmed the district court's order primarily because defendant failed to timely file a brief, although the court also found that defendant would have been "deemed to have been operating a motor vehicle within the parameters of the OUIL statute" and his misdemeanor arrest was "certainly lawful."

Upon remand to the district court, defendant entered a conditional guilty plea with regard to one count of OUIL, first offense. Under the terms of the plea agreement, a second count, driving while impaired, was to be dismissed and defendant's driver's license was not to be revoked. The plea was conditioned upon defendant's filing an application for leave to appeal to this Court regarding the suppression issue, and sentencing was stayed pending disposition of the application. Defendant was later allowed to withdraw his conditional plea, because the Michigan Secretary of State refused to honor that portion of his plea agreement relating to the nonrevocation of defendant's license, and the district court stayed all proceedings pending action by the Court of Appeals.

Citing *People v Spencley*, 197 Mich App 505; 495 NW2d 824 (1992), a panel of this Court entered an order on September 17, 1996 (Docket No. 196752), reversing the district court's order denying the suppression motion and remanding the matter to the district court. This Court's order stated that the arresting officer did not observe defendant operating a motor vehicle and an improperly parked vehicle does not constitute an accident under MCL 764.15(1)(h); MSA 28.874(1)(h). As previously noted, the Michigan Supreme Court, in lieu of granting leave to appeal, vacated this Court's order and remanded for our plenary consideration. 454 Mich 886 (1997).

The sole issue raised in defendant's appeal is whether his arrest without a warrant was statutorily invalid because the offense did not occur in the presence of the arresting officer and the facts do not fit within the accident exception provided in MCL 764.15(1)(h); MSA 28.874(1)(h). Statutory construction is a question of law that this Court reviews de novo. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995). The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Id.*

As a general rule, a police officer may not arrest an individual for a misdemeanor if the offense was not committed in the officer's presence. MCL 764.15; MSA 28.874; *People v Wood*, 450 Mich 399, 403; 538 NW2d 351 (1995). The Michigan Legislature has, however, carved out several exceptions to this rule. The exception relevant to the present case is codified in MCL 764.15(1)(h); MSA 28.874(1)(h), which provides that an officer may arrest a person without a warrant

[w]hen the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public, including an area designated for the parking of vehicles, in the state while [under the influence of intoxicating liquor, a controlled substance, or a combination of intoxicating liquor and a controlled substance].[1]

Section 36 of the Michigan Vehicle Code, MCL 257.36; MSA 9.1836,  defines an "operator" as anyone "in actual physical control of a motor vehicle upon a highway." The statutes do not define the term "accident."

In the present case, the district court held that the accident exception was applicable. The court cited the decision of the Michigan Supreme Court in *People v Keskimaki*, 446 Mich 240; 521 NW2d 241 (1994), in which the Court noted that certain factors may be regarded as the distinguishing characteristics of an accident. The Court stated:

[W]e believe consideration should be given to whether there has been a collision, whether personal injury or property damage has resulted from the occurrence, and whether the incident either was undesirable for or unexpected by any of the parties directly involved. [*Id.* at 255-256.]

---

[1] We note that in 1996 PA 490  the Legislature amended MCL 764.15; MSA 28.874  to add a new subsection, which provides an additional exception to the general prohibition against arrests without a warrant for misdemeanors committed outside the presence of the arresting officer if "[t]he person is found in the driver's seat of a vehicle parked or stopped on a highway or street within this state if any part of the vehicle intrudes into the roadway and the peace officer has reasonable cause to believe the person was operating the vehicle in violation of [the OUIL or driving while impaired statutes]." This new subsection did not go into effect until April 1, 1997, and is not applicable to the present case.

The district court held that the act of parking an automobile partially on the roadway of a highway exit was neither desirable nor expected by any of the parties involved (specifically, the state trooper and the second man at the scene). The court recognized, however, that the officer never saw defendant in a position "which is typically associated with the driving of an automobile," the officer never offered any testimony to show that defendant's vehicle was involved in an accident, and there was no evidence of personal injury or property damage. Nonetheless, the court concluded that the accident exception applied and defendant's arrest was lawful and thus denied defendant's motion to suppress the results of his blood alcohol test. Affirming the order of the district court, the circuit court noted that the misdemeanor arrest was legal because defendant was a person "who would be deemed to have been operating a motor vehicle within the parameters of the OUIL statute." Because the circuit court concluded that defendant was operating his vehicle in the presence of the arresting officer, the court never addressed whether the accident exception was applicable.

On appeal, the prosecutor primarily addresses the issue whether defendant was an "operator" of his vehicle within the meaning of the statute. The prosecutor asserts that defendant was "operating" the vehicle because he had not yet returned the vehicle to a position that posed no risk of collision. In support of this contention, the prosecutor cites *Wood, supra,* in which the Supreme Court considered whether an individual found unconscious and intoxicated in his van at a McDonald's drive-through window was "operating a motor vehicle" within the meaning of the OUIL stat-

ute. The *Wood* defendant was found in his vehicle with the engine running and the automatic transmission in drive. His foot was on the brake pedal, which kept the vehicle from moving. The defendant moved to suppress the resulting blood alcohol and field sobriety tests, arguing that the evidence was the result of an unlawful arrest. The Supreme Court held that the defendant was operating a vehicle when the police found him. *Id.* at 405. The Court stated:

> We conclude that "operating" should be defined in terms of the danger the OUIL statute seeks to prevent: the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property. Once a person using a motor vehicle as a motor vehicle has put the vehicle in motion, or in a position posing a significant risk of causing a collision, such a person continues to operate it until the vehicle is returned to a position posing no such risk. [*Id.* at 404-405.]

The Court further noted that because Wood's vehicle would have been set in motion had his foot slipped off the brake pedal, he continued to operate the vehicle when he was observed by the officers because he had not yet "returned the vehicle to a position posing no risk of collision with other persons or property." *Id.* at 405.

We find that *Wood* does not control the outcome of the present case. First, the Court's decision in *Wood* focuses primarily on whether an individual who has fallen asleep or passed out in an automobile may nevertheless be an "operator" of the vehicle. The Court did not consider the accident exception involved in this case. Second, the Court noted that a significant risk of collision existed because the engine of the defendant's automobile was running and his foot was

on the brake pedal. In the present case, however, defendant's vehicle was stopped, the keys were out of the ignition, and the defendant was outside the vehicle when he was confronted by the arresting officer.

This Court considered a factual situation closer to the present case in *Spencley, supra*. The *Spencley* defendant's automobile was parked partially on the shoulder of a highway and partially in the driveway of a motel. The vehicle's lights were on and the engine was running. When the officer approached the automobile, he found the defendant asleep behind the steering wheel. The officer detected a strong odor of alcohol around the defendant's body. The primary issue in *Spencley* was whether the officer's arrest of the defendant for OUIL was legal because he did not see the defendant operating the vehicle. This Court held that the defendant did not operate the automobile in the presence of the arresting officer. *Spencley, supra* at 506-507.

Similarly, we do not believe that when the Legislature defined operator as one "in actual physical control of a motor vehicle upon a highway," they intended the definition to apply to the facts of the present case. Because we find that defendant was not operating his vehicle in the presence of the arresting officer, the officer's statutory authority to arrest defendant without a warrant existed only if defendant was involved in an "accident." MCL 764.15(1)(h); MSA 28.874(1)(h). In *Spencley, supra* at 507-508, the panel assumed without discussion that the defendant had not been involved in an accident within the meaning of the statute.

In *Keskimaki, supra*, police officers found the defendant slumped over the steering wheel of his

vehicle, which was parked on the side of a roadway, with its headlights on and its engine running. The Michigan Supreme Court subsequently considered whether an "accident" had occurred within the meaning of the implied consent portion of the OUIL statute, MCL 257.625a(9); MSA 9.2325(1)(9).[2] Noting that neither the Supreme Court nor the Court of Appeals had previously defined "accident" under the accident exception, the Supreme Court declined "to formulate a precise definition of the term . . . ." *Keskimaki, supra* at 255. Instead the Court chose to delineate

> the relevant factors used in making such a determination . . . . Accordingly, we believe consideration should be given to whether there has been a collision, whether personal injury or property damage has resulted from the occurrence, and whether the incident either was undesirable for or unexpected by any of the parties directly involved. While we do not intend this to be an exhaustive list of factors to be considered, included are those that we believe will appear with frequency in true "accidents"; such factors may be regarded as the distinguishing characteristics of an accident. [*Id.* at 255-256.]

The Court also recognized, however, that whether an event is "unexpected" is not dispositive. Thus, the "unexpectedness or undesirability of an event viewed from the perspective of a policeman coming on the scene is not necessarily sufficient to classify the incident as an 'accident.' " *Id.* at 255.

Noting that there was no evidence of a collision, property damage, or personal injury (other than "visible intoxication"), the *Keskimaki* Court held that an "accident" had not occurred. *Id.* at 256-257. The Court

---

[2] This statute currently exists as MCL 257.625a(6)(e); MSA 9.2325(1)(6)(e).

found that the incident was neither undesirable nor unexpected by the defendant, because it appeared that he "parked on the side of the road in order to sleep off the effects of alcohol . . . ." *Id.* at 256. The Supreme Court thus concluded:

> Consideration of these factors compels the conclusion that defendant was not involved in an accident as required under the statutory exception. We believe this result is also supportable from a policy perspective. We noted earlier that one of the purposes of the accident exception was to facilitate the safety of both the public and the drunken driver. To conclude that an accident has occurred when a drunk driver has recognized his impairment and left the road in an attempt to recover his sobriety by sleeping is to discourage the one drop of sensible conduct in a sea of irresponsible action. We do not believe the Legislature intended these consequences, and we decline to interpret "accident" in a manner both inconsistent with and subversive to our perception of the legislative intent underlying the accident exception. [*Id.* at 257.]

Similarly, we hold in the present case that defendant was not involved in an accident within the meaning to be given to that term under MCL 764.15(1)(h); MSA 28.874(1)(h). The evidence indicates that defendant intentionally drove the vehicle to the side of the road and turned off the engine. Given these circumstances, the district court erred in concluding that defendant was involved in an accident. Because the statutory accident exception, giving the officer authority to arrest a defendant for a misdemeanor committed outside the presence of the officer, does not apply, the officer did not have statutory authority to arrest defendant.

However, our conclusion that defendant's arrest was not statutorily valid does not inevitably lead to

the suppression of evidence gained after his arrest, including the results of his blood alcohol test. Evidence seized in violation of the Fourth Amendment is subject to the exclusionary rule, or exclusion from being used against the defendant. *Mapp v Ohio*, 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961). This rule is only applicable, however, if the seizure was constitutionally invalid—not merely statutorily illegal. See *People v Polidori*, 190 Mich App 673, 677; 476 NW2d 482 (1991); *People v Burdo*, 56 Mich App 48, 51-52; 223 NW2d 358 (1974). Michigan courts have distinguished between constitutionally invalid and statutorily invalid arrests and have refused to apply the exclusionary rule to mere statutory violations. *United States v Copeland*, 51 F3d 611, 615 (CA 6, 1995). The per se exclusionary rule arose out of and applies to constitutionally invalid arrests. The constitutional validity of an arrest depends on whether probable cause to arrest existed at the moment the arrest was made by the officer. *Burdo, supra* at 51-52. Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity. *Illinois v Gates*, 462 US 213, 243, n 13; 103 S Ct 2317; 76 L Ed 2d 527 (1983). Once a court concludes that an arrest was not constitutionally invalid, it does not need to even address whether evidence seized was the fruit of an unconstitutional arrest. *United States v Layne*, 6 F3d 396, 399 (CA 6, 1993).

In the present case, defendant has not argued that the officer did not have probable cause to arrest him, and the facts clearly support a finding that probable cause did exist. See *Burdo, supra* at 52. Both the arresting officer and the second man on the scene

smelled alcohol on defendant. The officer noted that defendant had watery eyes, slurred speech, and poor balance. The second man told the officer that he had found defendant asleep behind the steering wheel of the automobile. Defendant admitted to the officer that he had driven the automobile to that location. He requested a preliminary breath test, which indicated a blood alcohol content of 0.353 percent, and failed three out of four field sobriety tests. Given the location of the automobile, the testimony of the second man, the admissions of defendant, and the condition of defendant when viewed by the arresting officer, we hold that the officer had probable cause to arrest defendant for the offense of OUIL. Defendant's arrest was not, therefore, constitutionally invalid, because it was supported by probable cause, but merely statutorily illegal. As such, the exclusionary rule does not apply to the facts of the present case.[3] See *Layne, supra* at 399; *Burdo, supra* at 52.

Although we find that the district court erred in concluding that an accident had occurred and defendant's arrest was statutorily valid, we affirm its denial of defendant's motion to suppress the results of his blood alcohol test because we conclude that defendant's arrest was a constitutionally valid arrest supported by probable cause.[4] This Court will affirm a

---

[3] We recognize that the *Spencley* panel assumed that the appropriate remedy under the facts of that case was suppression of the evidence obtained as a result of the illegal arrest. We note, however, that the panel did not consider or rule with regard to the question whether the *Spencley* defendant's arrest was constitutionally valid because it was supported by probable cause. Consequently, we do not believe that the portion of the *Spencley* opinion regarding the appropriate remedy for a statutorily invalid arrest is binding on us pursuant to Administrative Order No. 1996-4.

[4] Moreover, as a practical matter, we note that the officer had few choices available to him under these circumstances. Certainly defendant,

lower court's ruling when the court reaches the right result, albeit for the wrong reason. *Morosini v Citizens Ins Co of America*, 224 Mich App 70, 86; 568 NW2d 346 (1997).

Affirmed. We remand to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.

DOCTOROFF, J., concurred.

JANSEN, P.J. I concur in the result only.

---

who registered 0.353 percent on a preliminary Breathalyzer test and failed three out of four field sobriety tests, posed a considerable danger to himself and the drivers and passengers of all other vehicles he encountered.