*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DWAYNE ANTHONY JOHNSON,

Defendant-Appellant.

UNPUBLISHED
August 11, 2025
11:49 AM

No. 366499
Berrien Circuit Court
LC No. 1993-003414-FH

Before: O'BRIEN, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his successive motion for relief from judgment. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 1994, defendant was convicted of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and second-degree criminal sexual conduct (CSC-II), MCL 750.520c. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.11, to life imprisonment for the CSC-I conviction and a prison term of 180 to 270 months for the CSC-II conviction, with 178 days of jail credit. This Court affirmed his convictions and sentences.[2] Over the next two decades, defendant filed numerous motions for relief from judgment, which were denied, as were his applications for leave to appeal those denials. In 2022, defendant again moved the trial court for relief from judgment, this time arguing that the trial court should remove him from the sex offender registry on the basis of a change of law announced in *People v Betts*, 507 Mich 527, 536; 968 NW2d 497 (2021). Defendant also argued that his trial counsel had provided

---

[1] *People v Johnson*, unpublished order of the Court of Appeals, entered December 12, 2023 (Docket No. 366499).

[2] *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 1996 (Docket No. 174397).

ineffective assistance, specifically that his counsel's bad advice had led him to reject a plea offer. The trial court denied defendant's motion. This appeal followed.

## II. SORA REGISTRATION

Defendant argues that the trial court abused its discretion by denying his motion for relief from judgment, because the trial court failed to consider whether the current Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*., is punitive and whether retroactive application of SORA violated the Ex Post Facto Clauses of the Michigan and United States constitutions. We disagree.

"A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *People v Christian*, 510 Mich 52, 74; 987 NW2d 29 (2022). "An abuse of discretion occurs when the court makes a decision that falls outside the range of reasonable and principled outcomes, or makes an error of law." *Id*. at 75 (quotation marks and citation omitted). "We review issues of constitutional law de novo." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Id*. (quotation marks and citation omitted).

Both the Michigan and United States constitutions prohibit ex post facto laws. US Const, art 1 § 10; Const 1963, art 1, § 10. An ex post facto law either "(1) punishes an act that was innocent when the act was committed; (2) makes an act a more serious criminal offense; (3) increases the punishment for a crime; or (4) allows the prosecution to convict on less evidence." *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014). In this case, defendant argues that SORA's registration requirements unconstitutionally increase the punishment for his convictions.

The Legislature enacted SORA in 1994 with the purpose of "preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders." See 1994 PA 295. Although "initially conceived [as] a confidential law enforcement tool to manage registrants' names and addresses," over time it "transformed into a publicly accessible database that imposed significant restrictions on the lives of registrants." *Betts*, 507 Mich at 536.

SORA has been amended several times since its enactment. In 2021, the Michigan Supreme Court held that the then-current version of SORA (the 2011 SORA), "when applied to registrants whose criminal acts predated the enactment of the 2011 SORA amendments, violate[d] the constitutional prohibition on ex post fact laws." *Id*. at 574. In doing so, the Court engaged in a two-step inquiry, considering: (1) "whether the Legislature intended the statute as a criminal punishment or a civil remedy," and (2) "whether the statutory scheme [was] so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Id*. at 542-543. The Court then considered the factors set forth by the United States Supreme Court in *Kennedy v Mendoza-Martinez*, 372 US 144, 168-169; 83 S Ct 554; 9 L Ed 2d 644 (1963), to determine whether a challenged statute is punitive: (1) whether the sanction involved an affirmative disability or restraint, (2) whether it had historically been regarded as punishment, (3) whether it promoted the traditional aims of punishment—retribution and deterrence, (4) whether it had a rational connection to a nonpunitive purpose, and (5) whether it appeared excessive in light of the nonpunitive purpose. See *Betts*, 507 Mich at 543, citing *Kennedy*, 372 US at 168-169. The *Betts*

Court concluded that "the 2011 SORA's aggregate punitive effects negate[d] the state's intention to deem it a civil regulation." *Id*. at 562.

As the Court was considering *Betts*, "the Legislature enacted a series of amendments of SORA, effective March 24, 2021 [the 2021 SORA]." *Id*. at 538, citing 2020 PA 295. The Court in *Betts* did not address "whether the retroactive application of any post-2011 SORA amendments violate[d] constitutional ex post facto provisions." *Betts*, 507 Mich at 574 n 30.

Recently, this Court considered the constitutionality of the 2021 SORA as applied to individuals convicted of sexual offenses before its effective date. *People v Kiczenski*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364957); slip op at 1. "Limiting the class of offender to those with CSC-I convictions," this Court concluded that the effect of the 2021 SORA was not so punitive as to negate the Legislature's intent that SORA be a civil remedy. *Id*. at 10. This Court reasoned that, because the rational connection to the nonpunitive purpose of public safety was more apparent than in prior cases, the fourth *Mendoza-Martinez* factor weighed "strongly against the 2021 SORA being considered punishment for sexual offenders." *Id*. at 8. Further, this Court concluded that the restrictions imposed by the 2021 SORA were not excessive as applied to sex offenders in light of the nonpunitive nature of the restrictions. *Id*. at 10. Therefore, this Court held that the 2021 SORA did not constitute punishment as to sex offenders and concluded that there was no ex post facto violation. *Id*.

In this case, defendant challenges the constitutionality of the 2021 SORA's registration requirements as applied to his 1994 convictions. Defendant's application for leave to appeal and briefing were filed before this Court's decision was issued in *Kiczenski*, and defendant makes the same argument that was made in *Kiczenski*—that application of SORA to defendant violates the Ex Post Facto Clauses of the Michigan and United States Constitutions.[3]

This Court's decision in *Kiczenski* is binding, see MCR 7.215(C)(2); MCR 7.215(J)(1). Therefore, because defendant was convicted of sexual offenses, application of the 2021 SORA to defendant does not constitute punishment and cannot give rise to an ex post facto violation. See *Kiczenski*, ___ Mich App at ___; slip op at 10. And although the trial court did not have the opportunity to consider *Kiczenski*, it reached the correct result in denying defendant's motion for relief from judgment, and we affirm that denial. See *People v Lyon*, 227 Mich App 599, 612-613; 577 NW2d 124 (1998).

---

[3] Defendant also argues that this Court's decision in *People v Lymon*, 342 Mich App 46, 88-89; 993 NW2d 24 (2022) (*Lymon I*), holding that the 2021 SORA is punitive, supports his position; however, defendant made this argument before the Michigan Supreme Court's decision was issued in *People v Lymon*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164685) (*Lymon II*). *Lymon II*, ___ Mich at ___; slip op at 14 n 20, expressly vacated the portion of *Lymon I* that defendant relies on and narrowed the analysis in that case to whether SORA constituted punishment as to *nonsexual* offenders, *id*. at ___; slip op at 4 n 6. Defendant was convicted of CSC-I and CSC-II; therefore, neither *Lymon I* nor *Lymon II* aids his argument.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that he received ineffective assistance of counsel when defense counsel provided him inaccurate information regarding a plea offer, causing defendant to decline the offer. We disagree. Defendant has not identified a change in the law governing the effective assistance of counsel regarding plea offers or counsel's responsibility to anticipate future changes to the law; accordingly, the trial court denied his successive motion for relief from judgment on procedural grounds. See MCR 6.502(G)(2). We affirm that denial, but also note that defendant's counsel was not ineffective.

"Generally, an ineffective-assistance-of-counsel claim presents a 'mixed question of fact and constitutional law.' " *People v Hieu Van Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019), quoting *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "Constitutional questions are reviewed de novo, while findings of fact are reviewed for clear error." *Hieu Van Hoang*, 328 Mich App at 63. Because no evidentiary hearing was held, this Court's review is limited to errors apparent on the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

"Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020). "[W]hen a defendant argues ineffective assistance of counsel in the context of a guilty plea, the defendant is essentially arguing that counsel failed to provide sufficient information regarding the consequences, elements, or possible defenses of the plea." *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011).

The United States Supreme Court has held that "the two-part *Strickland v Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v Lockhart*, 474 US 52, 58; 106 S Ct 366; 88 L Ed 2d 203 (1985). Under the two-part test, a defendant must show: (1) deficient performance, meaning "that counsel's representation fell below an objective standard of reasonableness," and (2) prejudice, meaning "that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012) (quotation marks omitted), quoting *Strickland v Washington*, 466 US 668, 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant bears the "burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

In this case, defendant asserts that, prior to trial, the prosecution made an offer to defendant to plead guilty to one count of CSC-II in return for dropping the CSC-I charge and a sentence of five to fifteen years imprisonment. Defendant further claims that, in December 1993, his defense counsel advised him that if he accepted the offer, he would be required to register under SORA, although SORA had not yet been enacted. SORA was not enacted until 1994 and did not go into effect until October 1995.

Although defendant argues that the advice that he received was incorrect, in fact, his counsel's advice was correct. CSC-II was a listed offense under SORA as originally enacted. MCL 28.722(2)(d)(*iv*), as enacted by 1994 PA 295. The 1994 SORA also contained a recapture provision, which stated in relevant part:

The following individuals who are domiciled or temporarily reside in this state for 14 days or more are required to be registered under this act:

(b) An individual convicted of a listed offense on or before October 1, 1995 who on October 1, 1995 is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections . . . . [MCL 28.723(1)(b), as enacted by 1994 PA 295.]

If defendant had accepted the plea offer and pleaded guilty to CSC-II in late 1993 or early 1994, he almost certainly would have been "committed to the jurisdiction of the department of corrections" at the time of SORA's enactment, MCL 28.723(1)(b), as enacted by 1994 PA 295. Accordingly, it was not erroneous for defense counsel to advise defendant of that possible consequence of his potential plea. See *Fonville*, 291 Mich App at 384. Defense counsel's correct advice regarding the possible consequences of defendant's plea in light of pending legislation did not fall below an objective standard of reasonableness and does not support defendant's claim of ineffective assistance of counsel. *Lafler*, 566 US at 163.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra
/s/ Randy J. Wallace