685 N.W.2d 309 (2004)
262 Mich.App. 213
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Scott Rodney STEPHEN, Defendant-Appellee.
Docket No. 251190.
Court of Appeals of Michigan.
Submitted May 11, 2004, at Detroit.
Decided June 1, 2004, at 9:05 a.m.
Released for Publication August 5, 2004.
*310 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, Mark Reene, Prosecuting Attorney, and Joseph M. Amend, Assistant Prosecuting Attorney, for the people.
Peter J. Philpott, Flint, for the defendant on appeal.
Before: SCHUETTE, P.J., and BANDSTRA and COOPER, JJ.
PER CURIAM.
Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor (OUIL), second offense, MCL 257.625(1)(a), and operating a vehicle with a restricted license, MCL 257.312. The district court granted defendant's motion to dismiss the charges, and the circuit court affirmed the district court's ruling. The prosecutor appeals by leave granted. We reverse and remand.
Responding to an anonymous call, a police officer discovered defendant asleep in his truck at the county fairgrounds. The truck was wedged on a parking log, with the tires barely touching the ground. Defendant was lying across the front seat covered by a sleeping bag, his head leaning over onto the passenger seat. The truck's engine was not running, the automatic transmission was in park, and the keys to the truck were inside defendant's pocket. The police officer awakened defendant and observed that the defendant smelled strongly of intoxicants and was confused and unaware of his surroundings. Defendant explained that he had been at a bar earlier that evening, had too much to drink, and drove to the fairgrounds to sleep because he was too intoxicated to drive home. Defendant explained that he struck the parking log while trying to leave the fairgrounds, and that after unsuccessfully attempting to free the truck from the log, he turned off the engine and went to sleep. The police officer arrested defendant for OUIL and operating a vehicle with a restricted license.
Defendant moved to dismiss the charges on the basis that he was not "operating" his vehicle within the meaning of the statute, as clarified by our Supreme Court in People v. Wood, 450 Mich. 399, 405, 538 *311 N.W.2d 351 (1995).[1] The prosecution argued that defendant was operating his vehicle when the police officer came upon him within the definition set out by our Supreme Court in Wood, because the vehicle was "in a position posing a significant risk of causing a collision." Id. The prosecution also argued that the police officer lawfully arrested defendant for a misdemeanor without a warrant, as permitted by MCL 764.15(1)(h), because the officer had reasonable cause to believe defendant was the operator of the vehicle at the time of an accident and was operating the vehicle in violation of MCL 257.625(1).
The district court granted defendant's motion to dismiss on the basis that defendant was not "operating" his vehicle within the meaning described in Wood, supra at 405, 538 N.W.2d 351, because there was no risk that defendant would cause a collision. However, the district court did not address the prosecution's second argument. The prosecution moved for rehearing pursuant to MCR 2.119(F), raising its second argument that the police officer lawfully arrested defendant upon reasonable belief that defendant was the operator of the vehicle at the time of the accident, i.e., when his truck became lodged on the parking log, and was intoxicated. MCL 764.15(1)(h); People v. Lyon, 227 Mich.App. 599, 604-605, 577 N.W.2d 124 (1998).[2] The district court commented that defendant was not challenging the validity of the arrest, and that he properly could have been arrested on the basis of the police officer's perception that an accident was involved, pursuant to MCL 764.15(1)(h). However, the district court held that the issue was not whether there was a valid arrest, but whether defendant was operating the vehicle as a matter of law. The district court determined, as a matter of law, that defendant was not "operating" his vehicle as defined by the statute, and denied the prosecution's motion on that basis.
The prosecution appealed to the circuit court, which determined that defendant was not "operating" his vehicle when the police officer came upon him because, according to Wood, supra at 405, 538 N.W.2d 351, the vehicle was in a position that did not pose a significant risk of collision, i.e., it was wedged on a parking log. The *312 circuit court also determined that defendant's truck becoming wedged on a parking log did not constitute an "accident" within the meaning of that term as discussed in People v. Keskimaki, 446 Mich. 240, 255-256, 521 N.W.2d 241 (1994).[3] The circuit court therefore found that the police officer unlawfully arrested defendant, because the accident exception of MCL 764.15(1)(h) to the requirement of an arrest warrant was inapplicable.
We granted the prosecution's motion for leave to appeal to determine whether the lower court erred in dismissing the charges against defendant. We review a trial court's ruling regarding a motion to dismiss for an abuse of discretion. People v. Adams, 232 Mich.App. 128, 132, 591 N.W.2d 44 (1998). "An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say there is no justification or excuse for the ruling made." People v. Williams, 240 Mich.App. 316, 320, 614 N.W.2d 647 (2000). Upon review, we agree with the prosecution, albeit on a different basis, that the trial court abused its discretion in granting defendant's motion to dismiss.
The district court dismissed the OUIL charge, and the circuit court affirmed that dismissal, because the arresting officer did not witness defendant "operating" his motor vehicle, as that term is defined in Wood, supra at 405, 538 N.W.2d 351. The prosecutor, however, argues that Wood is inapplicable in this case because the accident exception rule set out in MCL 764.15(1)(h) eliminates the requirement that the defendant "operate" the vehicle in the presence of the arresting officer.
We agree that Wood does not require dismissal of the OUIL charge against defendant, although without reaching the "accident" question. The outcome in Wood hinged on the validity of the arrest, which, in turn, depended on whether the officers actually observed the defendant operating his vehicle under MCL 764.15(1)(a). Wood, supra at 403, 538 N.W.2d 351.
Here, defendant's arrest was clearly valid because a peace officer may arrest a person without a warrant if the officer has reasonable cause to believe a misdemeanor punishable by more than ninety-two days' imprisonment occurred, and reasonable cause to believe the person committed it. MCL 764.15(1)(d). This exception, which became effective on August 21, 2000, was not mentioned in either party's brief in this case but is applicable here because under MCL 257.625(9)(a)(ii), operating a vehicle under the influence of intoxicating liquor as a first offense is a misdemeanor punishable by imprisonment for not more than ninety-three days. An arrest for OUIL is a misdemeanor that can result in imprisonment for ninety-three days, which *313 is one day more than the ninety-two day requirement imposed by the Legislature in MCL 764.15(1)(d). Therefore, whether an accident occurred or whether the accident exception of MCL 764.15(1)(h) applies is irrelevant. Further, an officer does not have to observe a defendant operating a vehicle for the defendant to be arrested and prosecuted for OUIL under this exception.
In the instant case, the police officer had reasonable cause to arrest defendant. That is, he had reasonable cause to believe that the crime of OUIL had been committed, and that defendant committed it. Defendant admitted to the police officer that he drove on public roadways to the fairgrounds to sleep off the effects of having had too much to drink. According to defendant, he struck the parking log while attempting to leave the fairgrounds, and turned off the engine and went to sleep after he was unable to dislodge his truck. This distinguishes the present case from People v. Burton, 252 Mich.App. 130, 142-143, 651 N.W.2d 143 (2002), where the defendant did not go out on the roadway but used his truck as a shelter, rather than a motor vehicle, in a parking lot. Defendant both looked and smelled intoxicated when the arresting officer arrived at the scene. The officer also administered field sobriety tests. On the basis of defendant's admissions and other evidence, the officer had reasonable cause to arrest defendant for OUIL, and the prosecutor is entitled to prosecute defendant on that charge.
Defendant urges affirmance of the lower courts' rulings on public policy grounds, citing our Supreme Court's statement in Keskimaki, supra at 257, 521 N.W.2d 241:
We noted earlier that one of the purposes of the accident exception was to facilitate the safety of both the public and the drunken driver. To conclude that an accident has occurred when a drunk driver has recognized his impairment and left the road in an attempt to recover his sobriety by sleeping is to discourage the one drop of sensible conduct in a sea of irresponsible action. We do not believe the Legislature intended these consequences, and we decline to interpret "accident" in a manner both inconsistent with and subversive to our perception of the legislative intent underlying the accident exception.
However, as noted above, this case does not require application of the accident exception and we will not extend the Keskimaki analysis to disallow an arrest that was clearly valid under MCL 764.15(1)(d).
We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Our Supreme Court concluded that "`[O]perating' should be defined in terms of the danger the OUIL statute seeks to prevent: the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property. Once a person using a motor vehicle as a motor vehicle has put the vehicle in motion, or in a position posing a significant risk of causing a collision, such a person continues to operate it until the vehicle is returned to a position posing no such risk." Wood, supra at 404-405, 538 N.W.2d 351.
[2] In Lyon, this Court stated:

As a general rule, a police officer may not arrest an individual for a misdemeanor if the offense was not committed in the officer's presence. MCL 764.15; MSA 28.874; People v. Wood, 450 Mich. 399, 403, 538 N.W.2d 351 (1995). The Michigan Legislature has, however, carved out several exceptions to this rule. The exception relevant to the present case is codified in MCL 764.15(1)(h); MSA 28.874(1)(h), which provides that an officer may arrest a person without a warrant
[w]hen the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open to the general public, including an area designated for the parking of vehicles, in the state while [under the influence of intoxicating liquor, a controlled substance, or a combination of intoxicating liquor and a controlled substance.]
Section 36 of the Michigan Vehicle Code, MCL 257.36; MSA 9.1836, defines an "operator" as anyone "in actual physical control of a motor vehicle upon a highway." The statutes do not define the term "accident."
[3] In Keskimaki, our Supreme Court stated:

We do not attempt to propound a general definition of "accident" applicable to all criminal statutes, or even to only the accident exception. Rather, we believe that the determination whether an accident has occurred will depend on an examination of all the circumstances surrounding an incident. Although we are declining to formulate a precise definition of the term, we think the relevant factors used in making such a determination can and should be delineated. Accordingly, we believe consideration should be given to whether there has been a collision, whether personal injury or property damage has resulted from the occurrence, and whether the incident either was undesirable for or unexpected by any of the parties directly involved. While we do not intend this to be an exhaustive list of factors to be considered, included are those that we believe will appear with frequency in true "accidents"; such factors may be regarded as the distinguishing characteristics of an accident.