*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ELLIOTT QWAME INGRAM,

Defendant-Appellant.

UNPUBLISHED
December 19, 2025
11:44 AM

No. 366733
Jackson Circuit Court
LC No. 2021-004274-FH

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

PER CURIAM.

Defendant, Elliott Qwame Ingram, was convicted by a jury of operating a motor vehicle while intoxicated, third offense (OWI-3rd), MCL 257.625(1) and MCL 257.625(9)(c), and third-degree fleeing and eluding a police officer, MCL 257.479a(3). On appeal, defendant contests the sufficiency of the evidence supporting his convictions. We affirm.

## I. FACTUAL BACKGROUND

On December 9, 2021, at approximately 8:00 p.m., Jackson County Sheriff's Deputy Kyle Ruge and Deputy Theodore Breijak saw a dark-colored Trailblazer driving without any headlights or taillights on, and they performed a traffic stop of the vehicle. The Trailblazer stopped, but then fled as the two deputies approached on foot. The deputies began a pursuit. The Trailblazer reached speeds of 50 to 70 miles per hour, and it failed to slow or stop at stop signs and traffic lights. The deputies lost sight of the Trailblazer for approximately 90 seconds during the pursuit, but Deputy-Sergeant Andrew Mosier had joined the pursuit and was able to keep the Trailblazer in sight except for a period of approximately ten seconds.

Passerby Vernon Dyer witnessed the Trailblazer traveling at a high rate of speed. Seconds later, Dyer saw the Trailblazer at the local fairgrounds area and observed that the Trailblazer had crashed through a fence, struck a light pole, and landed on its side. Dyer got out of his car and ran toward the crash site, and saw defendant running across the fairgrounds parking lot away from the crashed vehicle. Sergeant Mosier arrived at the fairgrounds a few seconds after Dyer, who pointed in the direction that he saw defendant running. Sergeant Mosier pursued defendant on foot, and he apprehended defendant. There were no other occupants of the Trailblazer.

-1-

Deputy Hillary Jenski rode in the ambulance with defendant, who admitted that he drove the Trailblazer and gave specific details about the pursuit. Defendant also told her that he drank more than a fifth of tequila before driving the Trailblazer. Defendant smelled of alcohol, and his vomit smelled of tequila. An open bottle of tequila was found in the back seat of the Trailblazer, with approximately a quarter of the tequila missing from the bottle. Testing revealed defendant's blood alcohol level was 0.081 grams of alcohol per 100 milliliters of blood, and the jury convicted defendant of OWI-3rd and third-degree fleeing and eluding. The trial court sentenced defendant to serve concurrent prison terms of 4 to 20 years on the two counts of conviction, and this appeal of right followed.

## II. LEGAL ANALYSIS

Defendant contends that insufficient evidence was presented during his trial to support his convictions. Specifically, defendant asserts that the prosecution failed to demonstrate that he was "under the influence" or that "he could not operate the vehicle in a normal manner" to support his OWI-3rd conviction. Defendant also insists that "whoever was driving the car" did so "recklessly and dangerously," but insufficient evidence established that he operated the Trailblazer to support his third-degree fleeing and eluding conviction. We will address these arguments in turn.

This Court reviews de novo defendant's challenge to the sufficiency of the evidence that supports his conviction. *People v Harverson*, 291 Mich App 171, 175-177; 804 NW2d 757 (2010). In considering whether sufficient evidence exists to sustain the conviction, this Court reviews the evidence in the light most favorable to the prosecution, and analyzes whether "there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). This Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict," regardless of "whether the evidence is direct or circumstantial." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citations omitted). Circumstantial evidence and the "reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. (quotation marks, citations, and emphasis omitted).

### A. THE OWI-3RD CONVICTION

Defendant was convicted of OWI-3rd as proscribed by MCL 257.625, which provides, in relevant part:

(1) A person . . . shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles . . . if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

(b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine . . . .

"Accordingly, an OWI conviction can be premised on a finding that the defendant was 'under the influence of' alcohol or on a finding that the defendant's BAC reached or exceeded 0.08." *People v Urbanski*, 348 Mich App 90, 98; 17 NW3d 430 (2023).

Defendant asserts that there was insufficient evidence to prove that his ability to drive was substantially affected by his consumption of alcohol because the police did not see him swerving, weaving, or crossing the center lane. Evidence that a defendant's vehicle was swerving or weaving is not required to sustain an OWI conviction. See *People v Stephen*, 262 Mich App 213, 219-220; 685 NW2d 309 (2004); *People v Solmonson*, 261 Mich App 657, 660-661, 663; 683 NW2d 761 (2004). Other evidence, such as an admission of drinking alcohol or an officer's observation of a defendant smelling of alcohol, can establish that a defendant was operating "under the influence," even when the police did not observe any erratic driving. See *Stephen*, 262 Mich App at 219-220; *Solmonson*, 261 Mich App at 660-661, 663. Here, a partially-consumed bottle of tequila was found in the Trailblazer. Further, defendant admitted that he had consumed "over a fifth of tequila prior to operating his motor vehicle." Defendant smelled of alcohol, as did his vomit. All that evidence supports a conviction based upon the theory that defendant "was 'under the influence of' alcohol" when he was driving.[1] *Urbanski*, 348 Mich App at 98.

## B. THIRD-DEGREE FLEEING AND ELUDING

The elements of third-degree fleeing and eluding are:

(1) the law enforcement officer must have been in uniform and performing his lawful duties and his vehicle must have been adequately identified as a law enforcement vehicle, (2) the defendant must have been driving a motor vehicle, (3) the officer, with his hand, voice, siren, or emergency lights must have ordered the defendant to stop, (4) the defendant must have been aware that he had been ordered to stop, (5) the defendant must have refused to obey the order by trying to flee from the officer or avoid being caught, which conduct could be evidenced by speeding up his vehicle or turning off the vehicle's lights among other things, and (6) some portion of the violation must have taken place in an area where the speed limit was thirty-five miles an hour or less, or the defendant's conduct must have resulted in an accident or collision, or the defendant must have been previously

---

[1] As a separate basis to support defendant's OWI-3rd conviction, the prosecution offered evidence that defendant's "BAC reached or exceeded 0.08." *Urbanski*, 348 Mich App at 98. But defendant adduced expert testimony that the blood-alcohol test had an "error rate" of .008, so even though defendant's BAC was recorded as .081, it could have been as low as .073 or as high as .089. The jury had sufficient evidence to convict defendant based on the theory that defendant "was 'under the influence of' alcohol" when he was driving, see *id*. so we need not consider the viability of the prosecution's separate theory "that the defendant's BAC reached or exceeded 0.08." *Id*.

convicted of certain prior violations of the law as listed in MCL 750.479a(3)(c)[.] [*People v Grayer*, 235 Mich App 737, 741; 599 NW2d 527 (1999).]

Defendant only disputes the second element: whether he was the operator of the motor vehicle just before he was arrested.

Defendant, despite acknowledging that Deputy Jenski testified that he admitted he operated the Trailblazer and he had been drinking, nonetheless contends that there was insufficient evidence that he drove the Trailblazer. But there were no occupants in the Trailblazer other than defendant. Also, Deputy Jenski testified that defendant informed her that he had had "over a fifth of tequila prior to operating his motor vehicle[,]" and that "he typically starts with a half of a fifth of brandy in the morning and then switches to either vodka or tequila in the afternoon and that is another half of [a] fifth." Defendant further advised Deputy Jenski that he saw the red and blue patrol lights behind him and heard the sirens while he was driving. Defendant admitted that the officers "were in pursuit of him," and that when he stopped his vehicle, "he was going to attempt to run back to his house," but when "he went to put the vehicle in park, he actually put it in reverse and when he tried to get out of the driver's side door, he stated it was locked." Defendant conceded he intended to run home. Those admissions, combined with Dyer's observation of defendant fleeing from the crashed vehicle and Sergeant Mosier's apprehension of defendant, established that defendant was, indeed, operating the Trailblazer. Therefore, we reject defendant's claim that the trial record does not contain sufficient evidence to support his conviction for third-degree fleeing and eluding.

Affirmed.

/s/ Christopher P. Yates
/s/ Mark T. Boonstra
/s/ Adrienne N. Young

-4-